THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE E. CSABON, GEORGE E. CSABON & SONS, INC. and BROOKHAVEN ASPHALT, INC., Appellants.—Appeals by defendants from three judgments (one as to each of them) of the Supreme Court, Suffolk County, all rendered January 27, 1978, convicting each of them of conspiracy to prevent com-

petitive bidding on a public contract in violation of subdivision 1 of section 103-e of the General Municipal Law, after a nonjury trial, and imposing fines of $14,000 on the defendant Csabon, individually, and of $500 on each of the corporate defendants. The appeal brings up for review the denial of defendant Csabon's motion to dismiss the indictment, *inter alia,* on the ground that he was immune from prosecution. Judgments affirmed. In affirming, we note that the indictment charged the defendants with the offense of conspiracy to prevent competitive bidding as defined in subdivision 1 of section 103-e of the General Municipal Law, and not with any conspiracy offense under article 105 of the Penal Law. The crimes defined in article 105 of the Penal Law are the classic "anticipatory offenses", which are distinguished by a corrupt agreement by two or more persons to commit a specific "object crime". By contrast, the offense defined in subdivision 1 of section 103-e of the General Municipal Law, while bearing a surface resemblance to its Penal Law cousin, contemplates no object crime per se, but rather constitutes one of those offenses, like bribery or the sale of a controlled substance, which by its very nature requires two or more parties for its commission. Thus, we deem the language in the trial court's decision which purports to convict the defendants of "conspiracy in the fourth degree" under article 105 of the Penal Law, to be devoid of legal effect. The defendants stand convicted solely of the unclassified misdemeanor defined in subdivision 1 of section 103-e of the General Municipal Law. We have considered the arguments which defendants direct to the legal sufficiency of the trial evidence and to the sentences imposed; we find the arguments to be without merit. Additionally, we are not persuaded by defendant Csabon's argument that he was immune from prosecution under the instant indictment on the ground that he supplied handwriting exemplars to a prosecutor in the District Attorney's office when he appeared there pursuant to a Grand Jury subpoena. Although we reach the same conclusion as did the trial court, we do not approve that court's finding that the handwriting exemplars did not constitute evidence for the purpose of the applicable immunity statute (CPL 190.40, subd 2). Reliance on *Schmerber v California* (384 US 757) was misplaced, for that case established merely that the compelled production of certain *physical* evidence does not violate the Fifth Amendment stricture against compelled testimonial self incrimination. As defined for the purpose of CPL 190.40 (see CPL 190.35, 50.10, subd 3), the term "gives evidence" expressly encompasses both testimony and the production of physical evidence, and handwriting exemplars of course fall into the latter category. Our holding on the immunity question stems rather from our conclusion that the handwriting exemplars were not furnished in a "grand jury proceeding", as that term is used in CPL 190.40 (subd 2). For the definition of this term, CPL 190.35 requires reference to CPL 50.10, subdivision 2 of which defines the term "Legal proceeding" (including a Grand Jury proceeding) as *"a proceeding in or before any* court or *grand jury,* or before any body, agency or person authorized by law to conduct the same and to administer the oath or to cause it to be administered" (emphasis added). The instant exemplars were not furnished "before any * * * grand jury", but were given in the office of the District Attorney. Further, the fact that defendant Csabon had appeared at the District Attorney's office pursuant to a Grand Jury subpoena was merely coincidental with the taking of the exemplars, which were given

pursuant to a separate oral request by the District Attorney and in the presence of said defendant's counsel; the coincidence did not transmute the occasion into a Grand Jury proceeding. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.