## STATE OF CONNECTICUT *v*. ALEXANDRO ROMERO (15437)

Landau, Heiman and Hennessy, Js.

Argued April 29—officially released August 13, 1996

*Lauren Weisfeld*, assistant public defender, filed a brief for the appellant (defendant).

*Rita M. Shair*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney,

and *Gary Nicholson*, assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant, Alexandro Romero, appeals[1] from the judgment of conviction, after a jury trial, of murder as an accessory in violation of General Statutes §§ 53a-54a[2] and § 53a-8[3] and conspiracy to commit murder in violation of General Statutes §§ 53a-54a and 53a-48a (a).[4] The defendant claims that the evidence was insufficient to sustain the convictions for murder as an accessory and for conspiracy to commit murder and that the trial court improperly instructed the jury on reasonable doubt.

The jury heard the following evidence. The victim, Elvis Crnkovic, a gang member, died as a result of gunshot wounds inflicted by a member of a rival New Haven gang called the Liberty Street gang. On May 8, 1991, the defendant, a member of the Liberty Street gang, announced that he had a gun, that he was going to Davenport Avenue to "shoot" and asked who wanted to go with him. Heriberto Lopez got in the defendant's car and the defendant drove away. The victim and his brother were playing basketball on the corner of Winthrop and Davenport Avenues when the defendant

---

[1] This appeal was taken originally to the Supreme Court. Pursuant to Practice Book § 4023, the Supreme Court transferred the appeal to this court.

[2] General Statutes § 53a-54a (a) provides in pertinent part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception . . . ."

[3] General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[4] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

drove slowly past them. Lopez drew a gun and fired several shots at the brothers from the passenger side of the defendant's car, resulting in the death of Elvis Crnkovic.[5] The defendant and Lopez were later seen throwing discharged shells into a dumpster. Subsequently, the defendant gave a friend a gun and told her to get rid of it because it was "hot."

The defendant admitted driving the car from which the shots were fired. He testified, however, that his passenger, David Morales, had fired the shots and that he had not been aware that Morales would do so.[6]

I

The defendant argues that, in order to be convicted of the charge of murder as an accessory and of conspiracy to commit murder, the state must prove beyond a reasonable doubt that he had the specific intent to commit murder. The defendant claims that the jury could not have reasonably drawn an appropriate inference of guilt from the evidence presented.

" 'The standard of review of an insufficiency claim is clear. "We first review the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury. We then decide whether, upon the facts thus established and the inferences reasonably drawn therefrom, the trial court or the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt." *State* v. *Jarrett*, 218 Conn. 766, 770–71, 591 A.2d 1225 (1991); *State* v. *Weinberg*, 215

---

[5] Other members of the Liberty Street gang also slowly drove by the place where the victim was playing basketball at the same time that the defendant did. One of them, David Morales, was driving a grey Mazda, and his passenger, George Orta, fired several shots at the Crnkovic brothers.

[6] Even though the defendant maintained that Morales was the passenger in his car, other witnesses testified that Lopez was the passenger in the defendant's car and that Lopez fired the shots at the Crnkovic brothers.

Conn. 231, 253, 575 A.2d 1003, cert. denied, 498 U.S. 967, 111 S. Ct. 430, 112 L. Ed. 2d 413 (1990); *State* v. *Rollinson*, 203 Conn. 641, 665–66, 526 A.2d 1283 (1987); *State* v. *Garrison*, 203 Conn. 466, 471, 525 A.2d 498 (1987).' *State* v. *Lewis*, 220 Conn. 602, 606, 600 A.2d 1330 (1991). While the jury must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. *State* v. *Castonguay*, 218 Conn. 486, 507, 590 A.2d 901 (1991). If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. *State* v. *Grant*, 219 Conn. 596, 604–605, 594 A.2d 459 (1991)." *State* v. *Pinnock*, 220 Conn. 765, 770–71, 601 A.2d 521 (1992).

"To establish the crime of conspiracy under § 53a-48 of the General Statutes, it must be shown that an agreement was made between two or more persons to engage in conduct constituting a crime and that the agreement was followed by an overt act in furtherance of the conspiracy by any one of the conspirators. . . . *State* v. *Beccia*, 199 Conn. 1, 3, 505 A.2d 683 (1986). To prove the offense of conspiracy to commit murder, the state must prove two distinct elements of intent: that the conspirators intended to agree; and that they intended to cause the death of another person. Id., 4." (Internal quotation marks omitted.) *State* v. *Pinnock*, supra, 220 Conn. 771. In order to find the defendant guilty, the jury had to find (1) that the defendant and Lopez intentionally agreed to cause the death of another person, (2) that, at the time of the agreement, the defendant intended that a death be caused, and (3) that the defendant or Lopez committed an overt act in

furtherance of the conspiracy by shooting and killing Crnkovic. See id., 771–72. "While the state must prove an agreement, the existence of a formal agreement between the conspirators need not be proved because [i]t is only in rare instances that conspiracy may be established by proof of an express agreement to unite to accomplish an unlawful purpose. . . . *State* v. *Ghere*, 201 Conn. 289, 299, 513 A.2d 1226 (1986). (Internal quotation marks omitted.) *State* v. *Lewis*, [220 Conn. 602, 607, 600 A.2d 1330 (1991)]." *State* v. *Pinnock*, supra, 772.

The jury heard sufficient evidence for it to conclude that the state proved beyond a reasonable doubt that the defendant and Lopez conspired to kill a member of a rival gang. The jury heard testimony that a member of the rival gang had smashed the windshield of a car belonging to a member of the Liberty Street gang and that two members of the Liberty Street gang were fired upon by members of the rival gang. The jury also heard evidence that the victim's home had been shot at by the Liberty Street gang. The jury then heard testimony that the defendant drove his car to where Liberty Street gang members were present and announced to them that he had a gun and was about to go to Davenport Avenue to "shoot." The state also presented evidence that the defendant asked who wanted to go with him, that Lopez got into the passenger side of the car and that he and the defendant drove away. On the basis of that evidence, the jury could reasonably have found that the defendant and Lopez intended to drive to a place where members of the rival gang would be and to shoot one or more of them. The jury heard the following evidence regarding the shooting. The defendant, with Lopez as his passenger, drove his car slowly past the place where the Crnkovic brothers were playing basketball. Other members of the Liberty Street gang were close by in another car. Both cars stopped in front of the brothers and a passenger in each car fired multiple

shots at them. After the other car left the scene, the defendant's car remained while Lopez continued firing. The jury could reasonably believe that the intention of the defendant and Lopez was to kill the Crnkovic brothers. Finally, the state presented evidence that Elvis Crnkovic died as a result of gunshot wounds.

The defendant also contends that to find him guilty as an accessory to murder the state had to prove beyond a reasonable doubt that he intentionally aided Lopez in conduct that constituted the offense of murder.[7] He argues that the evidence does not support that finding. We conclude that the jury had sufficient evidence before it to find that the defendant aided Lopez in conduct that constituted the offense of murder. The state presented the following testimony on this issue. The defendant stated that he possessed a gun and was going to Davenport Avenue to shoot. The defendant asked if anyone wanted to come with him. After Lopez volunteered, the defendant drove his car to the Davenport Avenue area and proceeded slowly, allowing his passenger, Lopez, to fire many shots at the victim. The victim died as a result of gunshot wounds. The jury could reasonably conclude beyond a reasonable doubt that the defendant was guilty of being an accessory to murder.

## II

The defendant next contends that the court improperly instructed the jury on reasonable doubt. In its instructions to the jury, the trial court stated: "Reasonable doubt is the kind of doubt upon which reasonable people like yourself in the more serious and important affairs in your own lives would hesitate to act." The defendant admits that he did not object to this portion of the charge, but claims that it is reviewable under the holding in State v. Evans, 165 Conn. 61, 70, 327 A.2d

---

[7] See footnote 3.

576 (1973), and *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). He argues that in giving the improper instruction, the trial court deprived him of a fundamental constitutional right to a fair trial.

"[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant to the particular circumstances." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239-40.

The instruction to which the defendant objects is similar to instructions that have been previously approved by the Supreme Court. *State* v. *Gomez*, 225 Conn. 347, 353–54, 622 A.2d 1014 (1993); *State* v. *Dyson*, 217 Conn. 498, 504–505 n.3, 586 A.2d 610 (1991); *State* v. *Johnson*, 214 Conn. 161, 177–80, 571 A.2d 79 (1990); *State* v. *Thomas*, 214 Conn. 118, 119–20, 570 A.2d 1123 (1990); *State* v. *Smith*, 210 Conn. 132, 147–50, 554 A.2d 713 (1989); *State* v. *Lytell*, 206 Conn. 657, 664–65, 539 A.2d 133 (1988); *State* v. *Leecan*, 198 Conn. 517, 538–39, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986); *State* v. *Findlay*, 198 Conn. 328, 346, 502 A.2d 921, cert. denied, 476 U.S. 1159, 106 S. Ct. 2279, 90 L. Ed. 2d 721 (1986); *State* v. *Derrico*, 181 Conn. 151, 170–71, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789, 66 L. Ed. 2d 607 (1980).

"In the above cases, [our Supreme Court] concluded that the same or similar instructions did not decrease the state's burden of proof when viewed in the context of the entire charge. See *State* v. *Lytell*, supra, 206 Conn. 664, (test is whether the jury charge as a whole presents the case adequately to the jury so that no injustice is done)." *State* v. *Gomez*, supra, 225 Conn. 354. In this case as well, the jury charge as a whole clearly defined the proof beyond a reasonable doubt standard.[8] The

[8] The trial court instructed the jury on reasonable doubt as follows: "The burden to prove the defendant guilty of the crimes with which he is charged is upon the state. The defendant does not have to prove his innocence. That means that the state must prove beyond a reasonable doubt each and every element necessary to constitute the three crimes charged. Whether the burden of proof resting upon the state is sustained depends not on the number of witnesses nor on the quantity of the testimony but on the nature and the quality of the testimony. Please bear in mind that one witness' testimony, however, is sufficient to convict if you believe it beyond a reasonable doubt and if it establishes either standing alone or together with any other testimony all of the elements of the crimes charged beyond a reasonable doubt.

"A reasonable doubt means a doubt founded upon reason or common sense and not on the mere possibility of innocence. As the words imply, it is a doubt held by a reasonable person after all the evidence in the case is carefully analyzed, compared and weighed. It is a doubt which is something more than a guess or a surmise. It is not a conjecture or a fanciful doubt. The state does not have to prove guilt beyond all doubt or to a mathematical or an absolute certainty.

"A reasonable doubt may arise not only from the evidence produced, but also from the lack of evidence. Since the burden is upon the state to prove a defendant guilty beyond a reasonable doubt of every essential element of each of the crimes charged, a defendant has the right to rely upon a failure of the prosecution to establish such proof. Reasonable doubt is the kind of a doubt upon which reasonable people like yourself in the more serious and important affairs in your own lives would hesitate to act.

"On the other hand, if all the evidence has been impartially and thoroughly reviewed by you and it produces in your mind a settled and abiding belief that you would be willing to act upon in matters of the highest importance relating to your own affairs, then in that event you would be free from a reasonable doubt and should declare the defendant to be guilty. If, however, on all the evidence you have a reasonable doubt as to the guilt of the defendant, you must find him not guilty. If the jury views all the evidence in the case as reasonably permitting either of two conclusions, one of innocence, the other of guilt, the jury should of course adopt the conclusion of innocence."

defendant's constitutional right to a fair trial has not been violated in this case. See id.

Because we find neither a clear violation of a fundamental constitutional right nor a deprivation of a fair trial, the defendant's unpreserved claim does not satisfy the second and third conditions set forth in *State* v. *Golding*, supra, 213 Conn. 239–40. Therefore, the defendant cannot prevail on this claim. See *State* v. *Gomez*, supra, 225 Conn. 353–54.

The judgment is affirmed.

In this opinion the other judges concurred.