STATE OF CONNECTICUT *v.* HECTOR VILLAFANE
(AC 15505)

Dupont, C. J., and Foti and Heiman, Js.

Argued March 20—officially released May 6, 1997

*Louis R. Pepe*, with whom was *Richard F. Wareing*,
for the appellant (defendant).

---

involved. Not only the action producing the injury but the resulting injury
must also be intentional."

*C. Robert Satti, Jr.*, senior assistant state's attorney, with whom, on the brief, was *Donald A. Browne*, state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of possession of cocaine with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (a), and conspiracy to sell cocaine in violation of General Statutes § 53a-48.[1] On appeal the defendant claims that the trial court improperly (1) denied his motion to dismiss and (2) instructed the jury. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In the early hours of May 5, 1994, members of the Bridgeport police department observed the defendant and a second individual involved in the sale of narcotics. The defendant was seen exchanging small items that he took out of a plastic bag for paper currency. The second individual twice was observed going to an automobile, using an alarm disabling device, entering the vehicle and removing plastic bags. Several times during the surveillance, the defendant was seen counting money.

As the defendant and the other person left the scene in the same vehicle, they were stopped and a search

[1] By amended information, the state charged, inter alia, "that at or about the 5th day of May, 1994, at Bridgeport or at other locations, [he], with intent that conduct constituting the crime of Violation of the State Dependency Producing Drug Law, to wit: Sale of Cocaine and Possession of Cocaine with intent to Sell, in violation of General Statutes § 21a-277 (a) be performed, agreed with one or more persons to engage in or cause the performance of such conduct, and there was committed one or more overt acts in the performance of such conspiracy, in violation of Section 53a-48 of the Connecticut General Statutes." No verdict was returned on one count of a violation of the state dependency producing drug law in violation of General Statutes § 21a-277 (a), pursuant to the court's instruction, and the defendant

was conducted. The vehicle contained two guns and two plastic bags of crack cocaine vials in freebase form. The defendant was found to have $103 on his person. There were a total of 450 vials containing 40.9 grams of cocaine. Ten of the vials, weighing 0.93 grams, were analyzed for purity and found to be 97.5 percent pure cocaine.

I

The defendant first claims that the trial court improperly refused to dismiss the information charging a violation of § 21a-278 (a). He alleges that the statute violated both the equal protection clause of the fourteenth amendment to the United States constitution and article first, §§ 1 and 20, of the Connecticut constitution.

Our review of the record discloses that the defendant made an oral motion to dismiss just prior to the commencement of trial, claiming that there exists no rational basis to treat a person convicted of violation § 21a-278 (a), when that person possesses with intent to distribute crack cocaine, more harshly than one who possesses with intent to distribute powder cocaine. He failed to proffer legislative history or any evidence to support this claim. Further, the defendant made no oral argument relative to the state constitution. The trial court, without stating its reasons, denied the defendant's motion from the bench.

A validly enacted statute carries with it a strong presumption of constitutionality and a person who challenges its constitutionality must sustain the heavy burden of proving its unconstitutionality beyond a reasonable doubt. *Flemming* v. *Garnett*, 231 Conn. 77, 88, 646 A.2d 1308 (1994); *State* v. *Breton*, 212 Conn. 258, 269, 562 A.2d 1060 (1989). The parties agree that a

was found not guilty of weapons in a motor vehicle in violation of General Statutes § 29-38.

rational basis review is the appropriate standard. *State* v. *Reed*, 192 Conn. 520, 531, 473 A.2d 775 (1984). "The question of classification is primarily one for the legislature, and the courts will not interfere unless a classification presented by statute is clearly irrational and unreasonable." *State* v. *Rao*, 171 Conn. 600, 603, 370 A.2d 1310 (1976). While the defendant may claim that § 21a-278 (a) was enacted without a rational basis thereby violating the equal protection clause of the state and federal constitutions, we have no record as presented to the trial court, from which we can so determine. In order to make such a determination we should look not only to the words of the statute itself, but also "to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation . . . ." (Internal quotation marks omitted.) *State* v. *McVeigh*, 224 Conn. 593, 607, 620 A.2d 133 (1993). The jurisprudential background of the statute may also be reviewed. *State* v. *Piorkowski*, 236 Conn. 388, 404, 672 A.2d 921 (1996).

We conclude that this record is inadequate for any further review of the claim that § 21a-278 (a) is unconstitutional.

## II

The defendant also claims that the trial court improperly provided the jury with summaries of the incriminating evidence from which it could find him guilty, without making any reference to the exculpatory evidence from which it reasonably could have found him not guilty. The defendant did not object to the trial court's instructions[2] or file a request to charge, and seeks review

---

[2] This court is not bound to review claims of instructional error if the party raising the claim neither submitted a written request to charge nor excepted to the charge given by the trial court. Practice Book § 852; *State* v. *Pearsall*, 44 Conn. App. 62, 67, 687 A.2d 1301 (1997).

pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or plain error review pursuant to Practice Book § 4061 (formerly § 4185).

Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40.

The first two conditions relate to whether a claim is reviewable; the last two relate to the substance of the actual review and are reached only if the first two are met. *State* v. *Lake*, 43 Conn. App. 715, 722, 686 A.2d 510 (1996). The defendant's claim is not of constitutional magnitude alleging the violation of a fundamental right. "[R]eview of or comment on the evidence is not constitutionally mandated where the trial court, in the exercise of its sound discretion, determines that such commentary is not necessary and that the jury would be properly instructed and not misled in its absence." *State* v. *Lemoine*, 233 Conn. 502, 512, 659 A.2d 1194 (1995). The extent to which a court should comment on the evidence is largely a matter within its sound discretion. *Worden* v. *Francis*, 153 Conn. 578, 580, 219 A.2d 442 (1966). The failure of the trial court, in the exercise of its discretion, to comment on evidence, is not a matter of constitutional magnitude. Absent a claim of constitutional magnitude, the defendant's unpreserved claim fails to satisfy the second prong of *Golding* and is, therefore, not reviewable.

Even if we assume, arguendo, that the second prong of *Golding* is satisfied, our limited review would lead us to conclude that the defendant has failed to demonstrate that the alleged constitutional violation clearly exists and clearly deprived him of a fair trial.

"The ultimate test of a court's instructions is whether taken as a whole, they fairly and adequately present the case to a jury in such a way that injustice is not done to either party under the established rules of law." *State* v. *Harden*, 175 Conn. 315, 322, 398 A.2d 1169 (1978). We review the entire charge to determine if it adequately guided the jury to a correct verdict. *State* v. *Pratt*, 235 Conn. 595, 613, 669 A.2d 562 (1995); see also *State* v. *Pearsall*, 44 Conn. App. 62, 67–68, 687 A.2d 1301 (1997). Viewing the charge as a whole, we conclude that it is not reasonably possible that the jury was misled or that an injustice resulted by virtue of the trial court's charge. While the trial court did spend more time discussing the state's evidence than that of the defendant, the record is clear that the state offered more evidence than the defendant offered. The defendant now argues that the trial court should have devoted more time to his affirmative defense to § 21a-278 (a), and to exculpatory evidence presented, but never objected to the charge or specifically requested that the court instruct in that manner. The defendant's constitutional right to a fair trial has not been violated in this case.

Because we find neither a clear violation of a fundamental right nor a deprivation of a fair trial, the defendant's unpreserved claim does not satisfy either the second or third condition as set forth in *State* v. *Golding*, supra, 213 Conn. 239–40. Therefore, the defendant cannot prevail. See *State* v. *Gomez*, 225 Conn. 347, 354, 622 A.2d 1014 (1993); *State* v. *Romero*, 42 Conn. App. 555, 563, 681 A.2d 354, cert. denied, 239 Conn. 935, 684 A.2d 710 (1996).

Plain error review is inappropriate here because the claimed error is not so obvious "that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985); *State* v. *Vas*, 44 Conn. App. 70, 74, 687 A.2d 1295 (1997). The instructions read as a whole did not result in an unreliable verdict or miscarriage of justice. See *State* v. *Cosby*, 44 Conn. App. 26, 39, 687 A.2d 895 (1996). Plain error review is not warranted.

The judgment is affirmed.

In this opinion the other judges concurred.