## State of Connecticut *v.* Keith Beccia
### (12550)

Peters, C. J., Healey, Shea, Dannehy and Callahan, Js.

Argued January 8—decision released March 4, 1986

1

*Louis S. Avitabile,* with whom, on the brief, was *James P. Caulfield,* for the appellant (defendant).

*James K. Robertson, Jr.,* special assistant state's attorney, with whom, on the brief, was *John Connelly,* state's attorney, for the appellee (state).

CALLAHAN, J. The defendant, Keith Beccia, was charged in a substitute information with arson in the first degree in violation of General Statutes (Rev. to 1981) § 53a-111 (a) (2)[1] and conspiracy to commit arson in the first degree in violation of General Statutes §§ 53a-48[2] and 53a-111 (a) (2). The charges stemmed from a fire which destroyed the Night Owl Cafe Club in Wolcott on March 7, 1982. The defendant was an owner of the business and a lessee of the building.

After a trial to the court, the defendant was found not guilty of arson in the first degree, but guilty of conspiracy to commit arson in the third degree in violation of General Statutes §§ 53a-48 and 53a-113,[3] as a lesser included offense of conspiracy to commit arson

---

[1] General Statutes (Rev. to 1981) § 53a-111 (a) (2) provides: "Sec. 53a-111. ARSON IN THE FIRST DEGREE: CLASS A FELONY. (a) A person is guilty of arson in the first degree when, with intent to destroy or damage a building, as defined in section 53a-100, he starts a fire or causes an explosion, and . . . (2) any other person is injured, either directly or indirectly."

[2] "[General Statutes] Sec. 53a-48. CONSPIRACY. RENUNCIATION. (a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy.

"(b) It shall be a defense to a charge of conspiracy that the actor, after conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose."

[3] "[General Statutes] Sec. 53a-113. ARSON IN THE THIRD DEGREE: CLASS C FELONY. (a) A person is guilty of arson in the third degree if he recklessly causes destruction or damage to a building, as defined in section 53a-100, of his own or of another by intentionally starting a fire or causing an explosion.

"(b) Arson in the third degree is a class C felony."

in the first degree. The defendant filed timely motions in arrest of judgment; Practice Book § 905; and for acquittal; Practice Book § 899; which the trial court denied. Both motions allege that conspiracy to commit arson in the third degree is not a cognizable crime under the laws of the state of Connecticut. We agree.

" 'To establish the crime of conspiracy under § 53a-48 of the General Statutes, it must be shown that an agreement was made between two or more persons "to engage in conduct constituting a crime and that the agreement was followed by an overt act in furtherance of the conspiracy by any one of the conspirators. The state must also show intent on the part of the accused that conduct constituting a crime be performed." *State* v. *Ortiz,* 169 Conn. 642, 645, 363 A.2d 1091 [1975].' *State* v. *Marra,* 174 Conn. 338, 344, 387 A.2d 550 (1978)." *State* v. *Johns,* 184 Conn. 369, 378, 439 A.2d 1049 (1981). "The gravamen of the crime of conspiracy is the unlawful combination and an act done in pursuance thereof, not the accomplishment of the objective of the conspiracy." *State* v. *Stevens,* 178 Conn. 649, 655, 425 A.2d 104 (1979). "Conspiracy is an inchoate offense the essence of which is an agreement to commit an unlawful act. *Iannelli* v. *United States,* 420 U.S. 770, 95 S. Ct. 1284, 43 L. Ed. 2d 616 (1975); *United States* v. *Alvarez,* 610 F.2d 1250 (5th Cir. 1980); *United States* v. *Cuesta,* 597 F.2d 903 (5th Cir. 1979). The prohibition of conspiracy is directed not at the unlawful object, but at the process of agreeing to pursue that object." *United States* v. *Simms,* 508 F. Sup. 1188, 1196 (W.D. La. 1980). Conspiracy is an anticipatorial offense distinguished by a corrupt agreement by two or more persons to commit a specific objective crime. *People* v. *Csabon,* 79 App. Div. 2d 609, 610, 433 N.Y.S.2d 487 (1980).

"Conspiracy is a specific intent crime, with the intent divided into two elements: '(a) the intent to agree or

conspire and (b) the intent to commit the offense which is the object of the conspiracy. . . . To sustain a conviction for conspiracy to commit a particular offense, the prosecution must show not only that the conspirators intended to agree but also that they *intended to commit the elements of the offense.'* [*People* v. *Horn,* 12 Cal. 3d 290, 296, 524 P.2d 1300, 115 Cal. Rptr. 516 (1974)]." (Emphasis added.) *California* v. *Backus,* 23 Cal. 3d 360, 390, 590 P.2d 837, 152 Cal. Rptr. 710 (1979); see also *State* v. *DeMatteo,* 186 Conn. 696, 707, 443 A.2d 915 (1982).

The essential elements of the crime of arson in the third degree are the intentional starting of a fire or causing of an explosion thereby recklessly causing damage or destruction to a building. See General Statutes § 53a-113. Unless there is actual damage or destruction resulting from reckless conduct, there is no violation of the statute. Reckless conduct[4] is not intentional conduct[5] because one who acts recklessly does not have a conscious objective to cause a particular result. While conspirators can agree to start a fire intentionally or to cause an explosion or even agree to act recklessly, they cannot agree to accomplish a required specific result unintentionally.

---

[4] General Statutes § 53a-3 (13) provides: "Sec. 53a-3. DEFINITIONS. Except where different meanings are expressly specified, the following terms have the following meanings used in this title . . .

"(13) A person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."

[5] General Statutes § 53a-3 (11) provides: "Sec. 53a-3. DEFINITIONS. Except where different meanings are expressly specified, the following terms have the following meanings when used in this title . . .

"(11) A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct."

"[P]roof of a conspiracy to commit a specific offense requires proof that the conspirators *intended* to bring about the elements of the conspired offense." (Emphasis added.) *People* v. *Horn,* supra, 295. Since conspirators cannot agree to accomplish a result recklessly when that result is an essential element of the crime, they cannot conspire to commit this particular crime. Just as one cannot attempt to commit an unintentional crime; *State* v. *Almeda,* 189 Conn. 303, 309, 455 A.2d 1326 (1983); one cannot agree anticipatorily to accomplish an unintended result. "There is just no such crime as would require proof that one intended a result that accidentally occurred." *Hull* v. *State,* 553 S.W.2d 90, 94 (Tenn. 1977). "It follows, therefore, that there is no such thing as a conspiracy to commit a crime which is defined in terms of recklessly or negligently causing a result." LaFave & Scott, Criminal Law (1972) p. 466. Accordingly, we hold that conspiracy to commit arson in the third degree in violation of General Statutes §§ 53a-48 and 53a-113 is not a crime cognizable under our law.

There is error, the judgment is set aside and the case is remanded to the trial court with instructions to vacate the judgment and grant the defendant's motion in arrest of judgment.

In this opinion the other judges concurred.