THEODORE E. GRIFFIN *v.* CLAUDE L. PARKER
(14132)

PETERS, C. J., CALLAHAN, COVELLO, BORDEN and F. X. HENNESSY, Js.

---

Argued May 2—decision released June 25, 1991

*Louis S. Avitabile,* with whom were *Joshua R. Kricker* and, on the brief, *Denise Dishongh,* for the appellant (defendant).

*Joseph Procopio,* for the appellee (plaintiff).

CALLAHAN, J. The plaintiff, Theodore Griffin, instituted this civil action to recover damages for massive injuries to his left arm suffered when he was struck by pellets from a shotgun blast fired by the defendant, Claude L. Parker, on September 22, 1984. The incident in which the plaintiff was injured occurred on the property of the defendant at 110 Bishop Street, Waterbury.

As a result of the shooting, the defendant was arrested and charged in an information with assault in the first degree.[1] He was subsequently tried by a jury

---

[1] The defendant was also charged with murder and assault in the second degree as a result of the same incident. Those charges, however, related

in the Superior Court in the judicial district of Waterbury. On March 14, 1985, the jury found the defendant guilty of assault in the first degree in violation of both General Statutes § 53a-59 (a) (1) and (3),[2] as charged in the second count of the information. After the verdict was returned, the jury was not polled to determine the particular subdivision of § 53a-59 of which the defendant had been found guilty. Consequently, the record indicates that the defendant was found guilty of assault in the first degree under both subdivisions.[3] In order to have convicted the defendant of assault in the first degree in violation of § 53a-59 (a) (1), the jury was required to have found that the defendant *intended* to cause serious physical injury and to have caused such injury to the plaintiff by means of a deadly weapon or dangerous instrument. In order to have convicted the defendant of assault in the first degree in violation of § 53a-59 (a) (3), the jury would have to have found that the defendant, under circumstances evincing an extreme indifference to human life, *recklessly* engaged in conduct that created

to other victims. The charge of assault in the first degree is the only charge pertinent to this appeal.

[2] General Statutes § 53a-59 (a) provides in pertinent part: "ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person."

[3] Although the jury convicted the defendant under both General Statutes § 53a-59 (a) (1) and (3) and the record reflects both convictions, the trial judge sentenced the defendant under § 53a-59 (a) (3) apparently to avoid the necessity of imposing a mandatory minimum sentence under § 53a-59 (b).

a risk of death to another person and thereby caused serious physical injury to the plaintiff.[4]

After the defendant was found guilty in the criminal action, the plaintiff brought a civil action for damages to compensate him for the serious injuries to his left arm. In the first count of his complaint, the plaintiff alleged that his injuries were caused by the defendant's negligent and careless discharge of the shotgun. In the second count, he alleged that his injuries were caused by the intentional or reckless discharge of the shotgun. In the third count, he alleged that his injuries were caused by the defendant's recklessness and carelessness in discharging the shotgun in a manner likely to cause bodily injury or death in violation of General Statutes § 53-203.[5] The civil action was not commenced until July 20, 1987, nearly two years and ten months after the plaintiff was shot.

In his answer, the defendant raised the special defense of the statute of limitations. Specifically, the defendant claimed that as to counts one and three of the complaint, which allege negligence, carelessness and recklessness, and as to that portion of count two which alleges recklessness, the plaintiff's cause of action was barred because he had not initiated suit within two years as required by General Statutes § 52-584.[6] After the pleadings were closed in the civil

---

[4] See footnote 2, supra.

[5] "[General Statutes] Sec. 53-203. UNLAWFUL DISCHARGE OF FIREARMS. Any person who intentionally, negligently or carelessly discharges any firearm in such a manner as to be likely to cause bodily injury or death to persons or domestic animals, or the wanton destruction of property shall be fined not more than two hundred fifty dollars or imprisoned not more than three months or both."

[6] [General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist,

action, the plaintiff moved for summary judgment on the second count of his complaint, which alleged that "[t]he plaintiff's injuries were caused by the defendant Claude L. Parker, who intentionally or recklessly discharged a shotgun in the direction of the plaintiff."

In his motion for summary judgment, the plaintiff claimed that under the doctrine of collateral estoppel the defendant was precluded "from raising or litigating the issue of whether he *intentionally* caused serious physical injury to the plaintiff by means of a deadly weapon because the defendant [had been] convicted by a jury of Assault in the First Degree based on the same facts involved in this case and that finding is dispositive of this issue." (Emphasis added.) The trial court agreed with the plaintiff that the defendant was collaterally estopped from relitigating the issue of whether the defendant had intentionally caused the plaintiff's injury and granted the plaintiff's motion for summary judgment. In a later memorandum of decision, issued in response to the defendant's motion to reargue, the court stated that, although the verdict of the jury in the defendant's criminal case was "general" and convicted the defendant of both § 53a-59 (a) (1) and (3), it made no difference in the result because the second count of the plaintiff's complaint alleged that the defendant's actions were " 'reckless or intentional' " and the plaintiff need only prove that the defendant's actions were "one or the other but not both." The trial court then confirmed its previous action in granting the plaintiff's motion for summary judgment on the sec-

podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

ond count of his complaint. Subsequently, the court held a hearing in damages and awarded the plaintiff the sum of $475,000 for his injuries. Thereafter, the parties stipulated to the withdrawal of counts one and three of the plaintiff's complaint.

The defendant appealed from the trial court's judgment to the Appellate Court. *Griffin* v. *Parker,* 22 Conn. App. 610, 579 A.2d 532 (1990). The Appellate Court determined that the record demonstrated that the defendant had, in fact, been convicted by the jury in his criminal trial of violating both § 53a-59 (a) (1) and (3). Id., 613. The Appellate Court concluded, however, that by choosing not to appeal his criminal conviction the defendant had "effectively accepted the judgment of conviction that had been rendered on the basis of both reckless and intentional assault." Id. The Appellate Court found irrelevant the fact that the plaintiff's claim based on the defendant's conviction for reckless conduct might be barred by § 52-584, because the defendant's claim based on intentional conduct was not so barred.[7] Id., 614. The Appellate Court then went on to decide that the defendant was estopped by the doctrine of collateral estoppel from relitigating in the civil action the "precise issue" determined by a higher standard of proof in the prior criminal action. Id., 623. In its conclusion, the Appellate Court stated that " '[a] prior conviction estops a party in a later civil suit from contesting facts necessarily established in the criminal proceeding.' " Id., quoting *Compton* v. *Ide,* 732 F.2d 1429, 1434 (9th Cir. 1984).

We granted the defendant's petition for certification to appeal three issues.[8] *Griffin* v. *Parker,* 216 Conn.

---

[7] The plaintiff's claim of intentional conduct would be governed by General Statutes § 52-577, which provides for a three year statute of limitations.

[8] "1. Whether the Appellate Court was correct in concluding that since the defendant did not appeal the criminal judgment, a reviewing court was

825, 582 A.2d 204 (1990). We find it necessary and judicious to address only one of those issues, namely, "[w]hether the Appellate Court was correct in concluding that the issue of intentional assault was necessarily determined in the prior criminal action?" We conclude that it was not correct.

As previously noted, the jury's verdict of guilty of assault in the first degree under § 53a-59 (a) (1) required that the jury have found that the defendant acted with the *intent* to cause serious physical injury to the plaintiff. On the other hand, its verdict of guilty under § 53a-59 (a) (3) necessitated a finding that the defendant *recklessly* engaged in conduct that caused serious physical injury to the plaintiff. The intent to cause serious physical injury required for a conviction of assault in the first degree under § 53a-59 (a) (1), by definition, required a jury finding that the defendant acted with the "conscious objective" to cause serious physical injury. General Statutes § 53a-3 (11);[9] see *State v. King*, 216 Conn. 585, 593, 583 A.2d 896 (1990); *State v. Beccia*, 199 Conn. 1, 4, 505 A.2d 683 (1986). In order to find the defendant guilty of assault in the first degree under § 53a-59 (a) (3), however, the jury was required to find that the defendant acted recklessly, that is, with-

---

precluded from considering the entire proceedings of the criminal trial in deciding that the conviction in the criminal case was on both theories of intentional and reckless assault?

"2. Whether the Appellate Court was correct in concluding that the issue of intentional assault was necessarily determined in the prior criminal action?

"3. Whether the Appellate Court was correct in concluding that the doctrines of mutuality and privity should not be applied to preclude collateral estoppel in those instances in which a criminal case is followed by a civil case against a defendant convicted in the prior criminal action?" *Griffin v. Parker*, 216 Conn. 825, 582 A.2d 204 (1990).

[9] General Statutes § 53a-3 (11) provides: "A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct."

out a conscious objective. *State* v. *King,* supra; *State* v. *Beccia,* supra. To return a verdict of guilty of assault in the first degree under both § 53a-59 (a) (1) and (3), therefore, the jury in the defendant's criminal case would have to have found that the defendant simultaneously acted intentionally and recklessly with regard to the same act and the same result, namely, the firing of the shotgun and the consequent serious physical injury to the plaintiff.

"As is evident, however, the statutory definitions of 'intentionally' and 'recklessly' are mutually exclusive and inconsistent. 'Reckless conduct is not intentional conduct because one who acts recklessly does not have a conscious objective to cause a particular result.' *State* v. *Beccia,* supra, 4. Therefore, the transgression that caused the victim's injuries was either intentional or reckless; it could not, at one and the same time, be both. Id.; *People* v. *Lucas,* 132 Ill. 2d 399, 442, 548 N.E.2d 1003 (1989); *People* v. *Gallagher,* 69 N.Y.2d 525, 529, 508 N.E.2d 909, 516 N.Y.S.2d 174 (1987); *People* v. *Robinson,* 145 App. Div. 2d 184, 186, 538 N.Y.S.2d 122 (1989), aff'd, 75 N.Y.2d 879, 553 N.E.2d 1021, 554 N.Y.S.2d 473 (1990). Where a determination is made that one mental state exists, to be legally consistent the other must be found not to exist. *People* v. *Spears,* [112 Ill. 2d 396, 403–404, 493 N.E.2d 1030 (1986)]; *People* v. *Hoffer,* 106 Ill. 2d 186, 195, 478 N.E.2d 335, cert. denied, 474 U.S. 847, 106 S. Ct. 139, 88 L. Ed. 2d 114 (1985). 'By no rational theory could the jury have found the defendant guilty of both crimes.' *People* v. *Gallagher,* supra, 530; *People* v. *O'Toole,* 138 App. Div. 2d 639, 640, 526 N.Y.S.2d 223 (1988)." *State* v. *King,* supra, 593–94.

The problem that the jury's inconsistent verdict creates is that neither the trial court in the defendant's civil case, the Appellate Court, nor this court had or

have any means of determining from the record which state of mind the jury found that the defendant possessed when he shot the plaintiff. See id., 594–95. Because the defendant could not simultaneously have had mutually exclusive states of mind, there remains a question of fact as to which state of mind he did have. Because that question of fact was not resolved in the criminal litigation, and the resolution of that question is crucial to the determination of the viability of the defendant's special defense, the doctrine of collateral estoppel should not have been invoked and the plaintiff's motion for summary judgment should not have been granted. Practice Book § 384; *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 488, 280 A.2d 359 (1971).

The judgment of the Appellate Court is reversed and the case is remanded to the Appellate Court with direction to remand the case to the trial court with direction to vacate the damage award and to deny the plaintiff's motion for summary judgment.

In this opinion the other justices concurred.