STATE OF CONNECTICUT *v.* ANTHONY LEWIS
(AC 16097)

O'Connell, C. J., and Foti and Hennessy, Js.

Argued May 30—officially released September 16, 1997

*Albert B. Harper*, for the appellant (defendant).

*Michael E. O'Hare*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *John J. Dropick*, senior assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the denial of his motion to dismiss[1] the criminal charges pending against him in the judicial district of Hartford.[2]

---

[1] The trial court wrote its memorandum of decision on the bottom of the defendant's motion to dismiss as follows: "The defendant misconstrues [*Ashe* v. *Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970)]. Its application to [this case] is misplaced. The defendant's suggestion that the risk of prior acts of his conduct in a trial triggers a double jeopardy in the event of an acquittal is rejected. *Ashe* and the instant case are factually at variance. Additionally, the trial judge cautioned the jury that the defendant's participation in prior acts was not at issue before them."

[2] The charges pending against the defendant in Hartford in Docket No. CR 94-464653 are robbery in the first degree in violation of General Statutes §§ 53a-133 and 53a-134, kidnapping in the first degree in violation of General Statutes § 53a-92, robbery of an occupied vehicle in violation of Public Acts

The motion for dismissal was predicated on his acquittal of other criminal charges in the judicial district of Waterbury.[3] The defendant's claims on appeal are subsumed in the issue of whether the trial court properly held that the collateral estoppel aspect of double jeopardy does not bar prosecution when evidence of the crimes charged was offered as evidence of uncharged misconduct in a prior trial that resulted in an acquittal.

The incident leading to this appeal began at about 5:45 p.m. on August 13, 1994, on Albany Avenue in Hartford. The state alleges that, at that time and place, a person, whom the state claims to be the defendant, engaged in criminal activity including the carjacking of a vehicle together with its driver. When the driver fled the vehicle, the perpetrator took over the vehicle's operation until he lost control and crashed into a house. The perpetrator fled the scene followed by two occupants of the house in hot pursuit. These events are among those charged in Hartford Docket No. CR94-464653. See footnote 2 of this opinion.

The next activity occurred between 6 and 6:30 p.m. on Sigourney Street in Hartford. At that point, a person, whom the state alleges was the defendant, came running down the street, pursued by two men. The runner jumped into and drove off in a vehicle that was standing on the street with its engine running. The vehicle's owner and several friends gave chase in another vehicle. The pursuit continued into downtown Hartford where

1993, No. 93-204, now codified as General Statutes § 53a-136a, attempted assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 and assault in the second degree in violation of General Statutes § 53a-60.

The charges pending against him in Docket No. CR 94-464652 are kidnapping in the second degree in violation of General Statutes § 53a-94, larceny in the third degree in violation of General Statutes §§ 53a-119 and 53a-124 and risk of injury to a child in violation of General Statutes § 53-21.

[3] In the judicial district of Waterbury the defendant had been charged with robbery in the first degree and with larceny in the second degree in violation of General Statutes §§ 53a-119 and 53a-123.

the stolen vehicle crashed into another vehicle. The driver of the stolen vehicle fled the collision scene on foot until he hailed a taxi. He asked the taxi driver to take him to Hartford Hospital but, on the way to the hospital, changed his mind and asked to be taken to Waterbury instead. These events are among those charged in Hartford Docket No. CR 94-464652. See footnote 2 of this opinion.

Upon arriving in Waterbury, the taxi passenger pulled a gun on the driver, robbed him and stole the taxi. These are the charges for which the defendant was tried before a jury in the Waterbury case. The state was allowed to introduce evidence pertaining to the Hartford crimes as evidence of uncharged misconduct in an effort to show that the defendant was the passenger who committed the Waterbury crimes. The thrust of an alibi defense was that the defendant was at a church festival in Hartford at the times the state claims that he committed both the Hartford and Waterbury crimes. The jury acquitted the defendant in the Waterbury case.

The gravamen of the defendant's motion to dismiss is that, because evidence of the Hartford crimes was offered as evidence of uncharged misconduct in the Waterbury case, the doctrine of collateral estoppel bars prosecution of the Hartford cases. The defendant relies heavily on the fact that identity was the sole issue he contested in the Waterbury case. This defense was supported by alibi witnesses who placed him at another location during the time of the crimes. Because this was the only defense raised, the defendant argues that his acquittal must of necessity have been based on the jury's finding that he was not the person who committed the Waterbury crimes. Additionally, the defendant argues that, because the Waterbury crimes were part of one continuous crime spree, the jury's findings necessarily mean that it has been judicially determined that

he was not the person who committed the Hartford crimes and, therefore, he cannot now be prosecuted for them.

"In a criminal case, collateral estoppel is a protection included in the fifth amendment guarantee against double jeopardy." *State* v. *Hope*, 215 Conn. 570, 584, 577 A.2d 1000 (1990), cert. denied, 498 U.S. 1089, 111 S. Ct. 968, 112 L. Ed. 2d 1054 (1991). "Collateral estoppel applies in two ways: (1) it may bar prosecution or argumentation of facts necessarily established in a prior proceeding; or (2) it may completely bar subsequent prosecution where one of the facts necessarily determined in the former trial is an essential element of the conviction the government seeks." (Internal quotation marks omitted.) *State* v. *Aparo*, 223 Conn. 384, 389, 614 A.2d 401 (1992), cert. denied, 507 U.S. 972, 113 S. Ct. 1414, 122 L. Ed. 2d 785 (1993). The defendant contends that the second prong applies to his pending Hartford cases.

The defendant relies heavily on *Ashe* v. *Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970). In *Ashe*, six card players were robbed simultaneously. The state elected to try the robbery of each victim separately. *Ashe* based his defense solely on identity and was acquitted in the first trial. When the state attempted to try *Ashe* for robbing the second card player, the court held that the first jury had determined the issue of identity in the defendant's favor and that reconsideration of that fact by a second jury was barred by collateral estoppel.

*Ashe* is inapposite. "For estoppel to apply, the fact sought to be foreclosed by [the] defendant must necessarily have been determined in his favor in the prior trial; it is not enough that the fact *may* have been determined in the former trial. . . . The defendant has the burden of showing that the issue whose relitigation he

seeks to foreclose was actually decided in the first proceeding." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Aparo*, supra, 223 Conn. 406, quoting *Dowling* v. *United States*, 493 U.S. 342, 350, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990).

"Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, [the court must] examine the record . . . and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." (Internal quotation marks omitted.) *State* v. *Hope*, supra, 215 Conn. 585. Because jury interrogatories are not part of criminal procedure, the judgment in the Waterbury case was of necessity based on a general verdict. Under these circumstances the court must examine the record of the first trial.

The issue submitted to the Waterbury jury was whether the defendant had committed the robbery and larceny that were charged in that case. The only evidence the jury heard about the Waterbury crimes was the testimony of the taxi driver. The trial court properly instructed the jury on the elements of robbery and larceny and on the state's burden of proof. It is presumed that the jury followed the court's instructions. *State* v. *Nelson*, 17 Conn. App. 556, 558, 555 A.2d 426 (1989).

"Where there is more than one possible reason for the jury's verdict, and the court . . . cannot say that any one is necessarily inherent in the verdict, the doctrine of collateral estoppel is inapplicable . . . ." (Internal quotation marks omitted.) *United States* v. *Irvin*, 787 F.2d 1506, 1515 (11th Cir. 1986).

In *Aparo* v. *Superior Court*, 956 F. Sup. 118 (D. Conn. 1996), aff'd, 129 F.3d 113 (2d Cir. 1997), the United States District Court considered a theory similar to that advanced by the defendant in the present case. In that

federal habeas corpus case, the petitioner argued that the jury, by its acquittal of an accessory to murder charge, necessarily found that the petitioner had lacked the specific intent to kill, thereby barring a subsequent trial on a charge of conspiracy to commit murder.[4] The District Court reviewed the evidence and determined that the jury was continually faced with conflicting interpretations of whether the petitioner had had the intent to cause her mother's death. Id., 126–27. Given the evidence of intent, the District Court concluded that the jury, in its general verdict, determined that the defendant had not intended to kill. Id., 127. Consequently, the court held that the subsequent charge of conspiracy to commit murder violated the principles of collateral estoppel incorporated in the prohibition against double jeopardy. Id., 127–28.

In the present case, there is more than a limited ambiguity in the general verdict. The alibi defense does not limit the jury's finding to one of identity because the other elements of the crimes still must be proved beyond a reasonable doubt. In the *Aparo* case, the petitioner had testified and admitted the actus reus of the alleged crime, denying only the intent to kill. Here, the defendant admitted nothing.

The federal *Aparo* case is similar to *Ashe* v. *Swenson*, supra, 397 U.S. 436, because, in both cases, the subsequent retrial involved the same conduct, i.e., the robbery of several card players in *Ashe*, and the murder of the petitioner's mother in *Aparo*. In the case now before us, the subsequent trial on the Hartford crimes presents different charges and different alleged conduct. In the present case, the state must present evidence to prove

---

[4] The petitioner was initially charged with being an accessory to murder and with conspiracy to commit murder. The jury acquitted the petitioner on the accessory charge but was unable to reach a verdict on the conspiracy charge. The federal habeas corpus case arose out of the state's attempt to retry the petitioner on the conspiracy charge.

beyond a reasonable doubt that the defendant commit-
ted the Hartford crimes, and the state is not limited to
the evidence of identification involving the Hartford
crimes that was presented in the Waterbury case.

The defendant contends that an alibi defense logically
admits all elements of the crime except identity,
because a defendant cannot have knowledge of the
other elements if he claims he was not present at the
scene of the crime.[5] This argument confuses a plaintiff's
burden of proof in a civil action with the state's burden
of proof in a criminal prosecution. This case does not
involve a waiver of the defendant's due process right
to proof of an element. See *State* v. *Cooper*, 38 Conn.
App. 661, 670, 664 A.2d 773, cert. denied, 235 Conn. 908,
665 A.2d 903 (1995). Depending on the pleadings, the
plaintiff in a civil action may be relieved of its burden
of introducing evidence to prove an allegation by a
defendant's admissions,[6] but in a criminal prosecution
the state bears the burden of proving each and every
element of the crime charged. Giving notice of an alibi
defense, pursuant to Practice Book §§ 762 through 768,
does not relieve the state, in any measure, of its burden
of proof of any elements.

The defendant's contention would mean that his iden-
tity would be the only issue that had to be submitted
for the jury's consideration. This, of course, is not the
case. The fact that the defendant may have chosen not
to cross-examine vigorously the state's witnesses does
not mean that the jury was excused from deciding all

[5] Regardless of the alibi defense, it was defense counsel's duty to cross-
examine the state's witnesses and to assure that no evidence was admitted
that did not comply with the rules of evidence. A defendant is not properly
represented by counsel who sits idly by during the state's case, waiting to
put on his alibi defense.

[6] In a civil action, an opponent's admission relieves the pleader of the
burden of proving the factual allegations admitted. *Reese* v. *First Connecticut
Small Business Investment Co.*, 182 Conn. 326, 329, 438 A.2d 99 (1980);
*Jones Destruction, Inc.* v. *Upjohn*, 161 Conn. 191, 199, 286 A.2d 308 (1971).

of the issues submitted to it in the court's instructions. In considering all of the issues, the Waterbury jury in this case may have found the state's case wanting on any one or more of the elements.

The jury reasonably could have found that the defendant was not the person who committed the crimes that occurred in Waterbury without reaching the issue of whether he committed the crimes in Hartford. The state presented evidence of the Hartford crimes to support the identity elements of the Waterbury crimes. The state, however, was not required to prove beyond a reasonable doubt that the defendant committed the Hartford crimes. Accordingly, the jury reasonably could have determined that the state had not met its burden on any or all of the elements of the Waterbury crimes without determining whether the defendant was involved in the Hartford crimes.

We conclude that the defendant has not sustained his burden of showing that the identity issue that he seeks to foreclose from relitigation was actually decided in the Waterbury case. The trial court properly denied the motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.