## STATE OF CONNECTICUT *v.* VANVERN BLAKE
## (AC 20413)

Foti, Mihalakos and Daly, Js.

 

Argued March 30—officially released May 22, 2001

*Kimball Haines Hunt,* for the appellant (defendant).

*John A. East III,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Michael J. Weber, Jr.,* senior assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, VanVern Blake, appeals from the judgment of conviction following a jury trial on one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1).[1] The defendant claims that the trial court improperly (1) refused to instruct the jury on the issue of fraudulent misrepresentation and (2) failed to submit written interrogatories to the jury. We affirm the judgment of the trial court.

---

[1] General Statutes § 53a-71 (a) provides in relevant part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . ."

The jury reasonably could have found the following facts. The victim, who was thirteen years old, first met the defendant, who was twenty-two years old, in April, 1999. The victim was walking to middle school, where she attended the eighth grade. The defendant lived in an apartment past which the victim walked each morning on her way to school. On that morning, the defendant, who previously had seen the victim walking to school, was a passenger in a car that passed her as she walked. The car executed a U-turn and returned to where the victim was walking so that the defendant could engage her in conversation. The victim told the defendant her name, her age and that she was en route to school. The defendant offered her a ride to school while trying to convince her to skip classes and spend the day with him. The victim declined those entreaties.

The victim had no further contact with the defendant for four to six weeks following that incident. In May, 1999, the victim encountered the defendant as she shopped in a market adjacent to her school. The defendant again engaged the victim in conversation and invited her to accompany him to his apartment to "chill out." The defendant asked for the victim's telephone number, which she declined to give him, stating that her mother was strict and did not allow her to receive telephone calls from boys. The defendant gave the victim his telephone number and invited her to call.

On the evening of May 13, 1999, the victim telephoned the defendant and agreed to skip school the next day and visit his apartment. On the morning of May 14, 1999, the victim again telephoned the defendant to confirm her visit and to obtain directions to his apartment. On that day, instead of walking to school in the morning, the victim walked to the defendant's apartment. Once the victim was in the defendant's apartment, he told her that he was twenty-two years old. She told him that she was thirteen years old. In response to that

information the defendant stated, "So, you are just thir-teen? . . . That's not too young." Thirty minutes of kissing and fondling ensued, after which the defendant removed his and the victim's clothing, and asked her if she would like him to "take her virginity." Throughout the course of the day, the defendant and victim engaged in three episodes of vaginal intercourse. At 3 p.m., the victim left to return home.

Shortly thereafter, the victim informed family members of what had happened, and her mother took her to the police station. At the station, the victim wrote and attested to a statement outlining the events previously described. When confronted and later arrested by the police, the defendant insisted that the victim had told him she was "seventeen going on eighteen." At trial, the defendant stipulated to the fact that his actions had met the requirements for sexual assault in the second degree under § 53a-71 (a) and raised the affirmative defense of fraudulent misrepresentation. Additional facts and procedural history will be discussed as necessary.

I

The defendant first claims that the court improperly refused to instruct the jury on the issue of fraudulent misrepresentation, thereby depriving him of an affirmative defense in violation of his constitutional right to due process. We disagree.

The following additional facts and procedural background are relevant to our resolution of the defendant's claim. The defendant testified at trial that during his first encounter with the victim, she claimed to be nearly eighteen years old and that she attended high school. The defendant further testified that he did not learn of the victim's true age until several days after May 14, 1999. The defendant filed his requests to charge on September 22, 1999. With respect to fraudulent misrep-

resentation, the defendant requested, in pertinent part, that the jury be charged as follows: "[The victim] would have made a fraudulent misrepresentation regarding her age if (1) the misrepresentation she made about her age was made as a statement of fact; (2) the misrepresentation was untrue and known to be untrue; (3) the misrepresentation was made to induce the defendant to act; and (4) the defendant acted to his detriment. . . . If [the victim], to secure the opportunity of consensual sex to herself, made an untrue statement about her age, and you find that her age was a matter concerning which she had, and was known to have, the best means of knowledge, she is guilty of fraudulent misrepresentation. . . . There is no authority in Connecticut that can be found which requires that a man must use due diligence to prevent being defrauded . . . The truth is, redress is most commonly wanted for injuries arising from frauds, which might have been prevented by due diligence. . . . If you find that the reason the defendant, VanVern Blake, had consensual sex with [the victim] was based upon her fraudulent misrepresentation as to age, then you could not convict him of either crime charged by the state in this case."

During closing arguments, the defense represented to the jury that there were no issues to decide concerning either the ages of the defendant and the victim, or whether the defendant and the victim had engaged in sexual relations. The defense then informed the jurors that the only reason the case was in their hands was to determine if the victim was credible on the issue of whether she affirmatively and fraudulently misrepresented her age. The state made no objections to those remarks. The court did not instruct the jury on the defendant's requested charge.

"Our standard of review on this claim is whether it is reasonably probable that the jury was misled. . . . The test of a court's charge is not whether it is as

accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Therefore, jury instructions need not be exhaustive, perfect, or technically accurate. Nonetheless, the trial court must correctly adapt the law to the case in question and must provide the jury with sufficient guidance in reaching a correct verdict." (Internal quotation marks omitted.) *Amsden* v. *Fischer*, 62 Conn. App. 323, 328–29, 771 A.2d 233 (2001).

"The general purpose of § 53a-71 (a) (1) is to protect victims who are thirteen, fourteen or fifteen years of age, and thus may not have the full measure of maturity to make an intelligent choice regarding sexual intercourse, from being taken advantage of by someone who, because he or she is significantly older, may be able to persuade the victim to engage in physically consensual sexual intercourse." *State* v. *Jason B.*, 248 Conn. 543, 553–54, 729 A.2d 760, cert. denied, 528 U.S. 967, 120 S. Ct. 406, 145 L. Ed. 2d 316 (1999).

"The statute applies to sexual intercourse, consensual or not, when one participant is within the thirteen through fifteen age bracket and the other, on whom criminal liability is imposed, is more than two years older." *State* v. *Jason B.*, 47 Conn. App. 68, 75, 702 A.2d 895 (1997) aff'd, 248 Conn. 543, 729 A.2d 760, cert. denied, 528 U.S. 967, 120 S. Ct. 406, 145 L. Ed. 2d 316 (1999). "*All* persons who have sexual relations with youths of thirteen to fifteen years and who are more than two years older than those youths are subject to criminal liability." (Emphasis added.) Id., 80.

The defendant's reliance on *State* v. *Plude*, 30 Conn. App. 527, 621 A.2d 1342, cert. denied, 225 Conn. 923, 625 A.2d 824 (1993), for the proposition that an affirmative defense of fraudulent misrepresentation may be avail-

able under § 53a-71, is misplaced. "As originally enacted, General Statutes (Rev. to 1972) § 53a-67 provided for an affirmative defense of mistake of age. Public Acts 1969, No. 828, § 68 (b). The defense provided for the situation where the defendant may have lacked the requisite mens rea on the basis of his belief that the facts were other than as they were. . . . By enacting No. 75-619 of the 1975 Public Acts, the General Assembly eliminated mistake of age as an affirmative defense to a violation of § 53a-71 (a) (1). Through this act, the legislature clearly expressed its will that engaging in sexual intercourse with a person under the age of sixteen years constitutes a violation of law without regard to the actor's belief as to the victim's age. . . . Sexual assault in the second degree is a general intent crime that requires only that the actor possess a general intent to perform the acts that constitute the elements of the offense." (Citations omitted; internal quotation marks omitted.) *State* v. *Plude*, supra, 534–35.

All a person need do to violate § 53a-71 is to (1) engage in sexual intercourse (2) with a person between the ages of thirteen and fifteen, and (3) be at least two years older than such person. The defendant stipulated to the fact that those three elements of the crime had been satisfied by him. No affirmative defense of fraudulent misrepresentation is available under the statute. The court, therefore, properly refused to instruct the jury as the defendant requested.

II

The defendant next claims that the court improperly denied his request to submit written interrogatories to the jury. We disagree.

At the conclusion of the evidentiary portion of the trial, the defendant filed a request that the court submit a number of written interrogatories to the jury. The interrogatories specifically asked: "(1) Do you find that

[the victim] made statements to the defendant, describing her age to be sixteen or older? (2) Do you find that [the victim] knew that her statements, describing her age to be sixteen or older, were false at the time she made them? (3) Do you find that [the victim's] statements, describing her age to be sixteen or older, were made in order to persuade the defendant to have sex with her? (4) Do you find that the defendant relied upon the [victim's] statements as a basis for his decision to have sex with [the victim]? [and] (5) Do you find that [the victim] had superior knowledge, as compared with the defendant, with regard to information concerning her age?"

In denying the defendant's request, the court stated: "I don't know of any past practice of submitting interrogatories to a jury in a criminal context. I do know that it is a practice in the civil arena. In that regard, I am not going to start it at this time. The court is going to, hopefully, give the jury a full and fair instruction on the law, and it is not going to allow your submission of interrogatories."

"[J]ury interrogatories are not part of criminal procedure." *Dowling* v. *Finley Associates, Inc.*, 49 Conn. App. 330, 338, 714 A.2d 694 (1998), rev'd on other grounds, 248 Conn. 364, 727 A.2d 1245 (1999); *State* v. *Lewis*, 46 Conn. App. 691, 696, 700 A.2d 722, cert. denied, 243 Conn. 944, 704 A.2d 799 (1997). Even if interrogatories were an accepted part of criminal procedure, the defendant's requested jury charge was not relevant because it focused solely on the affirmative defense of fraudulent misrepresentation. Because, as discussed in part I, the affirmative defense of fraudulent misrepresentation is not available in a prosecution under § 53a-71, juror responses to the defendant's proposed interrogatories would in no way aid the court. Had the jury answered all of the proposed interrogatories in the affirmative, that still could not have obviated

the legislature's intentions relative to § 53a-71. As previously stated, § 53a-71 imposes criminal liability on *all* persons who have sexual relations with youths between the ages of thirteen and fifteen, and who are more than two years older than those youths. The court properly refused to submit the defendant's interrogatories to the jury.

The judgment is affirmed.

In this opinion the other judges concurred.