[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#106)
The defendant moves for summary judgment because the plaintiff has not pursued the defendant in a timely manner barring both legal and equitable remedies.
On April 10, 2001, the plaintiff, Maurer Shepherd Joyners, Inc., filed this action against the defendants, Michael Doherty and Tammy J. Doherty, to recover money the defendants allegedly owed the plaintiff for the construction of twenty-seven custom windows. The following facts are undisputed. The plaintiff and the defendants entered into an agreement that the plaintiff would manufacture twenty-seven custom windows for the defendants. Twenty of the windows were custom storm windows ordered in December, 1995, and manufactured for the agreed price of $2,438.00. The twenty storm windows were delivered by the plaintiff and installed and painted by the defendants. In the spring of 1996, the defendants contacted the plaintiff with another request to manufacture seven reproduction period windows for the defendants' garage at the agreed price of $3,045.44. The seven reproduction period windows were then manufactured and delivered by the plaintiff and installed and painted by the defendants. The defendants have yet to compensate the plaintiff for the manufacturing and delivery of the twenty-seven windows.
On April 10, 2001, the plaintiff filed a two count complaint against CT Page 6420 the defendants to recover the balance outstanding for the twenty-seven custom windows and any other relief deemed appropriate. Both counts sounded in breach of contract, with the first count addressing the twenty storm windows and the second count addressing the seven windows manufactured for the garage. The defendants filed a motion to strike the two count complaint on May 3, 2001. On May 9, 2001, the plaintiff amended its complaint to include a third count sounding in quantum meruit. In response, the defendants filed a motion to strike the plaintiff's three count amended complaint on May 21, 2001. This motion to strike was granted by the court, Schuman, J., as to the first and second counts sounding in breach of contract. The court held that the plaintiff's first and second counts were barred by the four year statute of limitations governing contracts for the sale of goods, pursuant to General Statutes § 42a-2-101 et seq. The court did not strike the plaintiff's third count as the defendants' motion to strike the third count relied on facts not alleged in the complaint. Therefore, the plaintiff's claims were reduced to a one count claim sounding in quantum meruit.
Presently before the court is the defendants' motion for summary judgment, which was filed on November 5, 2001, on the grounds that the plaintiff cannot resort to an equitable remedy when a statutory remedy existed but is now barred by the applicable statute of limitations. The plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment, arguing that the applicable statute of limitations is six years and that its claim is not time barred.
Before the court is the question of whether equitable remedies are available to a plaintiff who has failed to use statutory remedies in a timely fashion. Under the present set of facts, this court determines that the plaintiff is not permitted to make a claim in quantum meruit to recover nonpayment because the four year statute of limitations governing the plaintiff's legal remedies must also apply to the plaintiff's quantum meruit claim.
The defendants argue that the plaintiff may not use equitable relief as there was adequate statutory-relief available. The defendants argue that the plaintiff has been pursuing the defendants, although without any great zeal or success, since October, 1997, the date the first complaint was filed against the defendants.[1] It is the position of the defendants that the plaintiff is simply out of time and that equity must not allow the plaintiff to pursue this legally based claim when the statute of limitations has expired.
The plaintiff has objected to the defendants' motion for summary judgment and framed the issue before the court as "whether Connecticut's six year statute of limitations applies to the single count described in CT Page 6421 the plaintiff's second amended complaint." (Plaintiff's Memorandum, p. 2.) The plaintiff has misidentified the applicable statute of limitations governing the present contract claim. In its memorandum, the plaintiff addresses the issue of whether General Statutes § 52-583, imposing a two year statute of limitations, or General Statutes § 52-576, imposing a six year statute of limitations, applies in the present case.[2] The applicable statute of limitations in this case, however, is General Statutes § 42a-2-725, providing the plaintiff with four years to bring a cause of action for breach of contract. This is the statute of limitations relied on by the court, Schuman, J., when striking the plaintiff's two counts of breach of contract. The reason the court,Schuman, J., did not strike the third count was "because the motion relied on facts not alleged in the complaint," a necessary requirement for striking a pleading based on the statute of limitations. See Forbesv. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). Thus, the court's refusal to strike the third count sounding in quantum meruit is in no way a determination that the four year statute of limitations does not also apply to the quantum meruit claim.
In the present case, the plaintiff had the availability of both legal and equitable remedies. "Where a party seeks equitable relief pursuant to a cause of action that would also allow that party to seek legal relief, concurrent legal and equitable jurisdiction exists, and the statute of limitations that would be applicable to bar the legal claim also applies to bar the equitable claim." Dowling v. Finley Associates, Inc.,49 Conn. App. 330, 335, 714 A.2d 694 (1998), rev'd on other grounds,248 Conn. 364, 727 A.2d 1245 (1999), citing Swan v. Board of HigherEducation, 319 F.2d 56, 59-60 n. 5 (2d Cir. 1963); see also Cope v.Anderson, 331 U.S. 461, 463-64, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947);Russell v. Todd, 309 U.S. 280, 289, 60 S.Ct. 527, 84 L.Ed. 754 (1940);Williams v. Walsh, 558 F.2d 667, 671 (2d Cir. 1977); 2 J. Pomeroy, Equity Jurisdiction (5th Ed. 1941), § 419e. This principle is well recognized in Connecticut. See, e.g., Arrigoni v. Adorno, 129 Conn. 673,681, 31 A.2d 32 (1943) ("[E]ven though this cause of action be regarded as one in equity, equity here should follow the law. . . . The trial court was correct in its conclusion that the plaintiff's were barred of their remedy because the period fixed in the Statute of Limitations had passed." (Citation omitted.)); Crittendon v. Brainard, 2 Root (Conn.) 485, 487 (1796); Campbell v. New Milford Board of Education,36 Conn. Sup. 357, 364 n. 5, 423 A.2d 900 (1980) ("It is clear that in a suit to enforce a right which seeks both legal and equitable relief, equity will withhold its remedy if the legal right is barred by the relevant statute of limitations."); Torringford Farms Assn., Inc. v.Torrington, Superior Court, judicial district of Litchfield, Docket No. 81120 (August 15, 2001, Matasavage, J.); LaBelle v. Dunham, Superior Court, judicial district of Litchfield, Docket No. 50127 (November 14, CT Page 6422 1990, Pickett, J.) ("Thus, the defendant is entitled to summary judgment as a matter of law on his fourth special defense to Count Two of the plaintiff's complaint. Even if the court were to find that Count Two seeks legal and equitable relief, equity will withhold its remedy if the legal right is barred by the relevant statute of limitations." (Internal quotation marks omitted.)).
The present case falls squarely within this line of case law. Therefore, this court will apply the four year statute of limitations governing the legal remedy to the equitable remedy of quantum meruit. For these reasons, the defendants' motion for summary judgment is granted.
Hennessey, J.