CHARLES FABRIZIO *v.* HOWARD GLASER
(13293)

FOTI, LAVERY and SPEAR, Js.

Argued March 20—decision released July 18, 1995

*Carey B. Reilly,* for the appellant (plaintiff).

*Craig A. Fontaine,* with whom was *Paul T. Edwards,* for the appellee (defendant).

SPEAR, J. In this medical malpractice action arising out of the defendant's alleged failure to obtain the plaintiff's informed consent, the plaintiff appeals from the judgment of the trial court rendered after a jury verdict for the defendant. On appeal, the plaintiff asserts that the trial court improperly denied his motion for a directed verdict and his motion to set aside the ver-

dict because, contrary to the jury's conclusion, the plaintiff in fact commenced his action within three years of the act or omission complained of, as required by General Statutes § 52-584.[1] The defendant argues, as an alternate ground for affirmance, that the general verdict rule applies to this case and precludes appellate review of the plaintiff's claim. We agree with the defendant and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On April 16, 1987, the plaintiff consulted the defendant, a dentist, concerning the extraction of his wisdom teeth.[2] During this consultation, the plaintiff was advised of the material risks, benefits and alternatives to the extraction. The defendant recommended that the plaintiff have all four wisdom teeth removed. The plaintiff agreed to the extraction and signed a document entitled "Informed Consent for Impacted or Unerupted Teeth" that outlined the risks of the proposed extraction procedure. On April 24, 1987, after the plaintiff signed a consent to operation form, his wisdom teeth were extracted. As a result of this surgery, the plaintiff claims to have suffered permanent nerve injury, including pain and numbness.

The plaintiff commenced this medical malpractice action on April 19, 1990. At trial, the plaintiff's sole claim was that the defendant had failed to obtain his informed consent prior to extracting his wisdom teeth. The defendant denied that he had failed to obtain the plaintiff's informed consent and asserted, by way of

---

[1] General Statutes § 52-584 provides in pertinent part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct, or by malpractice of a . . . dentist . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

[2] In his brief, the defendant refers to the extraction of the plaintiff's third molars. For the sake of consistency, we will use the term wisdom teeth.

special defenses, that the plaintiff's action was barred by both the two and three year limitations of § 52-584.

The following procedural history is relevant to this appeal. At the conclusion of the presentation of the evidence, the plaintiff moved for a directed verdict on the basis of both the two and three year limitation provisions of § 52-584. He claimed that the evidence clearly showed that the plaintiff commenced the action within three years from the act or omission complained of and within two years of the time when the plaintiff knew or should have known of the injury. The court denied the motion.

Upon the completion of the presentation of the evidence, the trial court instructed the jury on the essential elements of a cause of action premised on the failure to obtain informed consent and the defendant's statute of limitations special defenses. Additionally, the trial court submitted two interrogatories to the jury.[3] The jury returned a verdict in favor of the defendant. The jury also answered the interrogatories, finding that the plaintiff had commenced the action within the required two years from his discovery of the injury, but had failed to commence the action within three years of the complained of act or omission as required by § 52-584.[4] On January 27, 1994, the plaintiff moved to

---

[3] The interrogatories were: "You must answer question #1 before answering question #2.

"1. Do you find that plaintiff commenced his action within two years of when he knew or should have known that he suffered actionable harm? If yes, then go on to answer question #2. If no, then you must return a verdict for the defendant.

"2. Do you find that the plaintiff commenced his action within three years of the act or omission complained of? If yes, then I instruct you, as a matter of law, that the defendant has not prevailed on his statute of limitations defense. If the answer is no, then I instruct you, as a matter of law, that you must return a verdict for the defendant."

[4] The jury answered yes to the first interrogatory and no to the second. See footnote 3.

set aside the verdict, arguing that the jury's finding that he had failed to commence the action within three years of the act or omission was not reasonable or legally possible. The trial court denied the plaintiff's motion to set aside the verdict and rendered judgment. This appeal ensued.

We first consider the defendant's contention that the general verdict rule precludes our review of the plaintiff's claim. "As it has generally been understood . . . [t]he so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Stone* v. *Bastarache*, 188 Conn. 201, 204, 499 A.2d 142 (1982); *Colucci* v. *Pinette*, 185 Conn. 483, 489, 441 A.2d 574 (1981)." (Internal quotation marks omitted.) *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993).

In *Curry*, our Supreme Court delineated the parameters of the general verdict rule and held that the rule applies in the following five situations: "(1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." Id., 801. In this case, the defendant's denial of the plaintiff's claim of medical malpractice and his special defense that the statute of limitations had run fall into the fourth category contemplated by the *Curry* court. Therefore, this case presents a factual situation to which, absent interrogatories that reveal the basis for the verdict, the application of the rule is appropriate.

Two interrogatories were submitted to the jury by the defendant,[5] and the plaintiff argues that this fact alone precludes the application of the general verdict rule. The plaintiff is correct in asserting that it is well established that "[a] party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury." Id., 786. Furthermore, "the use of interrogatories has long been accepted practice in this state, and . . . their use to avoid the implications of a general verdict has long been favored by this court." *Goulton* v. *Reno Paint & Wallpaper Co.*, 177 Conn. 121, 125, 412 A.2d 311 (1979).

Although interrogatories were submitted to the jury, the defendant argues that the answers do not necessarily determine the grounds for the verdict, and, therefore, the general verdict rule should be applied. Thus, we are presented with the issue of whether the general verdict rule is applicable when the interrogatories relate solely to the defendant's special defense and the answers to the interrogatories do not reveal whether the jury considered the merits of the case.

To resolve this issue, we first review the underlying rationale that supports the application of the general verdict rule in certain circumstances. "The rule rests on the sound policy of conservation of judicial resources, at both the appellate and trial levels. On the appellate level, the rule relieves an appellate court from the necessity of adjudicating claims of error that may not arise from the actual source of the jury verdict that is under appellate review. In a typical general verdict rule case, the record is silent regarding whether the jury verdict resulted from the issue that the appellant seeks to have adjudicated. Declining in such a case to afford appellate scrutiny of the appellant's claims is consis-

---

[5] See footnotes 3 and 4.

tent with the general principle of appellate jurisprudence that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. See, e.g., *McLaughlin* v. *Bronson*, 206 Conn. 267, 277-78, 537 A.2d 1004 (1988).

"In the trial court, the rule relieves the judicial system from the necessity of affording a second trial if the result of the first trial potentially did not depend upon the trial errors claimed by the appellant. Thus, unless an appellant can provide a record to indicate that the result the appellant wishes to reverse derives from the trial errors claimed, rather than from the other, independent issues at trial, there is no reason to spend the judicial resources to provide a second trial." *Curry* v. *Burns*, supra, 225 Conn. 790.

We conclude that it is crucial for an appellant to provide us with a record that enables us, as a reviewing court, to determine which claims or defenses the jury resolved and in whose favor they resolved them. It is not the *mere submission* of interrogatories that enables us to make that determination; rather, it is the submission of properly framed interrogatories that discloses the grounds for the jury's decision. Therefore, the efficacy of the interrogatories and the preclusion of the general verdict rule depends on their being framed in such a way that this court is able to determine the grounds for the jury's decision.

In this case, the plaintiff relies on the submission of two interrogatories to preclude the application of the general verdict rule. The interrogatories both concern the defendant's special defense that the plaintiff failed to commence the action before the statute of limitations had run. They do not refer to the plaintiff's malpractice claim. The defendant's denial of negligence and his allegation of a special defense constituted two separate and distinct defenses, either of which would have

supported the verdict for the defendant. When there are alternative bases for the verdict, it is necessary for the interrogatories to reveal the actual grounds for the jury's verdict in order for the general verdict rule to be precluded.

Instead of being provided with a record that shows the grounds for the verdict, we are left to speculate whether the jury: (1) found on the merits for the plaintiff but found that the defendant prevailed on his statute of limitations defense, (2) answered the interrogatories first, finding that the defendant prevailed on his statute of limitations defense, and never reached the merits or (3) found for the defendant on both the merits and the statute of limitations defense.

The plaintiff asserts that the first alternative is the most likely to have occurred. In support of this argument, the plaintiff states that the court's charge to the jury, which discussed the liability issues first and then the interrogatories, shows that the jury must have first considered the merits of the case, finding in favor of the plaintiff, and then answered the interrogatories. Our review of the record finds no support for this contention. To the contrary, in its charge to the jury the court specifically stated that "[t]he order in which the instructions are given to you have no significance whatsoever as to their importance in the case." This instruction undermines the plaintiff's claim that the jury necessarily found in favor of the plaintiff on the merits of the case and then answered the interrogatories. We are, therefore, left with no indication of the order in which the jury examined the issues.

An additional reason why we are not persuaded by the plaintiff's claim that the jury necessarily discussed the liability issues first is that it would also have been reasonable for the jury to have considered the inter-

rogatories first. This would have been an efficient way for the jury to proceed because, if a statute of limitations barred the action, the merits would not have to be considered. There is no way of knowing if that, in fact, occurred. The trial court did not instruct the jury to proceed in that fashion and to assume that it did so because that would have been the most logical and efficient approach is speculation. The third alternative, that the jury found for the defendant on the merits and the special defense, was also a reasonable course of action for the jury, especially in light of the court's instruction to "consider the entire charge as [a] whole." The jury may well have felt obligated to address all of the issues in the case because it was not told to do otherwise.

Because we are unable to determine whether the case was decided on the merits and the special defenses or on the special defense only, the general verdict rule applies and, accordingly, we will "presume that the jury found every issue in favor of the prevailing party." *Curry* v. *Burns*, supra, 225 Conn. 786. If we did not apply the general verdict rule and reversed the trial court on the statutes of limitations claim, the plaintiff would be getting a second opportunity to prove a case that may well have been decided against him on the merits. Such a result would be contrary to the notion of judicial economy and the prohibition against unnecessarily relitigating issues that underpin the general verdict rule.

The spirit of the rule and the underlying policy of conservation of judicial resources would be thwarted if we were to hold that interrogatories that do not clarify the basis for the jury's verdict nevertheless preclude application of the rule. From the jury's answer to the interrogatories, we are able to discern only that the jury found that the plaintiff did not commence the action within three years of the act or omission complained

of, as required by § 52-584. The answers to the interrogatories do not reveal whether the jury found for or against the plaintiff on his medical malpractice claim. Without having the grounds for the jury's verdict elicited through properly framed interrogatories and because the verdict reasonably could have been rendered on more than one distinct defense, we apply the general verdict rule and presume that the jury found every issue in favor of the defendant. See *Stone* v. *Bastarache*, 188 Conn. 201, 204, 449 A.2d 142 (1982).

The judgment is affirmed.

In this opinion the other judges concurred.