### CHARLES FABRIZIO v. HOWARD S. GLASER
(15315)

Peters, C. J., and Borden, Berdon, Norcott and Palmer, Js.

Argued April 23—officially released May 14, 1996

Carey B. Reilly, for the appellant (plaintiff).

executor and attorney must be considered in order to assure that he is not compensated twice for the same services.

*Craig A. Fontaine*, with whom, on the brief, was *Paul T. Edwards*, for the appellee (defendant).

PER CURIAM. The only certified issue in this appeal is whether the general verdict rule may limit appellate review in a case in which interrogatories were submitted to a jury with respect to some but not all of the issues that the jury might have resolved in reaching its verdict. The plaintiff, Charles Fabrizio, brought a malpractice action against the defendant, Howard S. Glaser, a dentist, alleging that the defendant had failed to obtain informed consent for the extraction of the plaintiff's wisdom teeth. The defendant both denied that he had failed to obtain such consent and asserted, as affirmative defenses, that the plaintiff's action was barred by either the two year or the three year provision of the applicable statute of limitations, General Statutes § 52-584.[1] The jury returned a verdict in favor of the defendant after answering interrogatories in which it found that the plaintiff's action was barred by the three year provision of the statute of limitations. The trial court denied the plaintiff's motion to set aside the verdict and rendered judgment for the defendant. The plaintiff appealed to the Appellate Court. Relying on the general verdict rule, that court affirmed the judgment of the trial court. *Fabrizio* v. *Glaser*, 38 Conn. App. 458, 661 A.2d 126 (1995). We granted the plaintiff's petition for certification to appeal the applicability of the general verdict rule under the circumstances of this case.[2] We affirm the judgment of the Appellate Court.

[1] General Statutes § 52-584 provides in relevant part: "Limitation of action for injury to person or property. No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct, or by malpractice of a . . . dentist . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

[2] We granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly apply the general

The plaintiff has framed the issue before us in graphic terms. He maintains that "the general verdict rule can only be black or white—[i]f interrogatories are submitted to a jury, the general verdict rule must not apply." (Emphasis omitted.) The defendant responds, to the contrary, that the submission of interrogatories does not automatically resolve the ambiguity about the basis for the underlying verdict that the general verdict rule was designed to address. See *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993). Specifically, the defendant contends that, because the record in this case, including the partial interrogatories, does not disclose why the jury found for the defendant, the general verdict rule bars appellate review of the plaintiff's challenge to the jury's finding on the statute of limitations defense.

After examining the record on appeal and after considering the briefs and arguments of the parties, we are persuaded that the Appellate Court properly upheld the applicability of the general verdict rule under the circumstances of this case. *Fabrizio* v. *Glaser*, supra, 38 Conn. App. 461–66. Because this issue is fully addressed in the thoughtful and comprehensive opinion of the Appellate Court, it would serve no useful purpose for us to elaborate further on the discussion therein contained. Cf. *Feliciano* v. *Feliciano*, 236 Conn. 719, 722, 674 A.2d 1311 (1996); *Gajewski* v. *Pavelo*, 236 Conn. 27, 30, 670 A.2d 318 (1996); *Sharp* v. *Wyatt, Inc.*, 230 Conn. 12, 16, 644 A.2d 871 (1994); *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 229 Conn. 176, 177, 640 A.2d 100 (1994).

The judgment of the Appellate Court is affirmed.

---

verdict rule under the circumstances of this case?" *Fabrizio* v. *Glaser*, 235 Conn. 916, 665 A.2d 607 (1995).