## THOMAS P. MAZUROSKI *v.* JAMES A. HERNOVICH
## (14636)

Foti, Landau and Spear, Js.

Argued May 1—officially released August 13, 1996

*James E. Kernan,* with whom was *John K. McDonald,* for the appellant (plaintiff).

*Thomas A. Kaelin,* with whom, on the brief, was *Alisa R. Namacher,* for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment for the defendant rendered, following a jury trial. The plaintiff claims that the trial court improperly (1) instructed the jury regarding the special defenses, and (2) denied his motion to set aside the verdict.[1] The defendant

---

[1] There is neither a memorandum of decision nor a signed transcript regarding the trial court's denial of the plaintiff's motion to set aside the verdict. The plaintiff filed an unsigned transcript of the court's oral decision in the appendix to his brief.

asserts that the general verdict rule applies, precluding appellate review of the plaintiff's claims. We agree with the defendant and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On July 1, 1989, the defendant and the plaintiff's girlfriend were neighbors in Oakville. The plaintiff arrived at his girlfriend's house on that morning and began yelling at the defendant, who was standing in his driveway with his children. The plaintiff was upset because the defendant's dog had been on his girlfriend's property. The plaintiff crossed the defendant's property and approached him in a threatening manner. The defendant then pushed the plaintiff.

As a result of this incident, the plaintiff filed a two count complaint against the defendant, the first count alleging negligence and the second claiming intentional or reckless conduct. In his answer, the defendant admitted pushing the plaintiff, but denied that this conduct was negligent, reckless or intentional. The defendant also filed two special defenses alleging contributory negligence and self-defense. Prior to jury deliberations, the plaintiff neither moved for a directed verdict nor requested jury interrogatories or separate verdicts.[2] The plaintiff did not object to the submission of both counts and both special defenses to the jury. The plaintiff requested and received a court instruction on negligence, recklessness and intentional conduct. The jury returned a general verdict in favor of the defendant.

The plaintiff claims that the trial court's instructions concerning the special defenses were misleading to the jury. The plaintiff argues that the trial court failed to clarify to the jury that the defendant's special defense

---

[2] Parties seeking to preclude the application of the general verdict may seek a special verdict on each count or elicit specific grounds for the verdict by submitting interrogatories to the jury. *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993).

of contributory negligence applied only to the plaintiff's claim of negligence, contained in count one, while the defendant's special defense of self-defense related only to the plaintiff's claim of intentional or reckless conduct, contained in count two. The plaintiff maintains that by combining the defendant's two special defenses, the trial court's instructions improperly allowed the jury to consider contributory negligence as a defense to the plaintiff's claim of intentional and reckless conduct.

We first consider the defendant's contention that the general verdict rule precludes our review of the plaintiff's claims. "As it has generally been understood . . . [t]he so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. *Stone* v. *Bastarache*, 188 Conn. 201, 204, 449 A.2d 142 (1982); *Colucci* v. *Pinette*, 185 Conn. 483, 489, 441 A.2d 574 (1981)." (Internal quotation marks omitted.) *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993).

In *Curry*, our Supreme Court delineated the parameters of the general verdict rule, concluding that the rule applies in the following five situations: "(1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." Id., 801. In this case, the defendant's denials of the plaintiff's claims and his special defenses fall squarely into the fourth category contemplated by the *Curry* court. Therefore, this case presents a factual situation to which, absent interroga-

tories that reveal the basis for the verdict, the application of the rule is appropriate.

We have recently concluded "that it is crucial for an appellant to provide us with a record that enables us, as a reviewing court, to determine which claims or defenses the jury resolved and in whose favor they resolved them." *Fabrizio* v. *Glaser*, 38 Conn. App. 458, 463, 661 A.2d 126, aff'd, 237 Conn. 25, 675 A.2d 844 (1996). Unlike the jury verdict in *Gajewski* v. *Pavelo*, 229 Conn. 829, 837, 643 A.2d 1276 (1994), where the jurors " 'unanimously agree[d] that all claims against the defendants . . . [were] inconclusive,' " here, the jury verdict form merely found "for the defendant."

The defendant's denial of the plaintiff's allegations of negligence in the first count, and the defendant's special defense of contributory negligence constituted two separate and distinct defenses, either of which may have supported the verdict for the defendant on the first count. Similarly, the defendant's denial of the plaintiff's allegations in the second count of reckless or intentional conduct, and his special defense of self-defense also constituted two severable and distinct defenses. Either of these defenses was sufficient to support the verdict for the defendant on the claim of intentional or reckless conduct.

Contrary to the plaintiff's arguments, there is no evidence to suggest that the jury applied the special defense of contributory negligence to relieve the defendant of liability for the plaintiff's claim of intentional or reckless conduct. "We are precluded from delving into the minds of the jurors in order to ascertain the basis and the rationale underlying their decision." *Eagar* v. *Barron*, 2 Conn. App. 468, 472, 480 A.2d 576 (1984). "Where a jury reasonably could have reached its conclusion, its verdict should not be disturbed."

*Palmieri* v. *Intermagnetics General Corp.*, 17 Conn. App. 488, 490, 553 A.2d 1167 (1989).

In this case, the jury had two separate, legitimate and rational grounds on which to base its verdict regarding the plaintiff's second count. We cannot determine whether the jury found for the defendant on the basis of the plaintiff's failure to prove the allegations of his complaint or the defendant's proof of the allegations of his special defenses. We, therefore, " 'presume that the jury found every issue in favor of the prevailing party' "; *Curry* v. *Burns,* supra, 225 Conn. 786; and apply the general verdict rule. See *Stone* v. *Bastarache,* supra, 188 Conn. 204; *O'Brikis* v. *Supermarkets General Corp.,* 34 Conn. App. 148, 153, 640 A.2d 165 (1994). Our application of the general verdict rule precludes further review of the plaintiff's claims.

The judgment is affirmed.

In this opinion the other judges concurred.