[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE MOTION TO SET ASIDE VERDICT AND MOTION FOR A NEW TRIAL
This civil action which was returned to the Litchfield Superior Court on July 8, 1997 is a case wherein the Plaintiff Kevin McDonald alleged injuries arising out of an automobile accident with the Defendant Edmund Smith which occurred on September 13, 1995. The defendant filed an Answer and Special Defense and claimed the case to the jury list on July 14, 1997. Thereafter, the case was tried to a jury of six beginning on May 24, 1999, before the Honorable Judge Walter Pickett, Jr. The jury returned a general verdict for the Defendant on May 24, 1999. By way of Motion dated May 27, 1999, the plaintiff has filed a Motion to Set Aside the Verdict and a Motion for a New Trial. CT Page 6729
 I.
The decision to set aside a verdict is a matter within the broad legal discretion of the trial court. White v. Edmonds,38 Conn. App. 175, 182 (1995); McKee v. Erikson, 37 Conn. App. 146,148 (1995). See also Palomba v. Gray, 208 Conn. 21, 25 (1988). The trial court "must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict" Childs v. Bainer, 235 Conn. 107,112-113 (1995). The Supreme Court in Childs, supra, summarized the law governing the granting of the Motion to Set Aside the jury's verdict:
 We accord great deference to a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded . . . this right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which is there is room for a reasonable difference of opinion among fair minded men, passed upon by the jury and not by the court. Childs v. Bainer, 235 Conn. at 112 (internal quotation marks omitted). The trial court should not set aside a plain and palpable . . . as to justify the suspicion that (the jury was) influenced by prejudice, corruption or partiality." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 conn. 200, 206 (1990).
In the present case, the Plaintiff set forth a cause of action in negligence against the Defendant, Edmund Smith, seeking damages for injuries the Plaintiff claimed to have sustained as a result of a motor vehicle accident. The Defendant, Edmund Smith, denied the Plaintiff's claims in his Answer. Further, the Defendant, Edmund Smith set forth a Special Defense of comparative negligence as to the Plaintiff, Kevin McDonald. The Defendant, Edmund Smith, asserts that the General Verdict rule applies precluding review of the Plaintiff's claims.
It is the Defendant's position that the General Verdict rule precludes any review of the Plaintiff's claims. The general CT Page 6730 verdict rule provides that:
 ". . . if a jury returns a general verdict for one party, and no party requests Interrogatories, an Appellate Court will presume that the jury found every issue in favor of the prevailing party. See Mazuroski v. Hermnovich, 42 Conn. App. 574, 576 (1996) citing Stone v. Bastarache, 188 Conn. 201, 204 (1992); Colucci v. Pinette, 185 Conn. 483, 489 (1991) (internal quotation marks omitted) Curry v. Burns, 225 Conn. 782, 786 (1993).
In Curry, supra, our Supreme Court delineated the parameters of the general verdict rule, concluding that the rule applies in the following five situations: `(1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a special defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded.' Id., 801. In this case, the defendant's denials of the plaintiff's claims and his special defenses fall squarely into the fourth category contemplated by the Curry
court.
Therefore, this case presents a factual situation to which absent interrogatories that reveal the basis for the verdict, the application of the rule is appropriate. See Mazuroski v.Hermnovich, 42 Conn. App. 574 at 576, 577.
In this case, the Defendant, Edmund Smith's denial of the Plaintiff's allegations of negligence in his Complaint and the Defendant's Special Defense of comparative negligence, constituted two separate and distinct defenses, either of which may have supported the verdict for the Defendant in the Plaintiff's Complaint. In this case, it cannot be determined whether the jury found for the Defendant on the basis of the Plaintiff's failure to prove the allegations of his complaint or the Defendant's proof of the allegations of his Special Defense. Therefore, according to the general verdict rule, the Court must presume that the jury found every issue in favor of the prevailing party. See Mazuroski, supra. Therefore, application of the general verdict rule precludes review of the Plaintiff's claims and therefore the Motion To Set Aside Verdict is denied. CT Page 6731
 II.
The plaintiff has also filed a Motion For A New Trial. He claims that:
Although by plaintiff's objection during trial, these photographs were ruled inadmissible by the trial judge, the failure to disclose these photographs as well as the affirmative representation that these photographs did not exist, substantially prejudiced by the plaintiff in the preparation and presentation of his case.
Under oath, defendant swore in his answer to plaintiff's interrogatories dated July 10, 1997, that there were no pictures of the accident scene in existence. However, at trial in the above-titled action, it was brought forth on the record that the defendant had taken photographs of the scene of the accident immediately following impact and that defendant's counsel possessed these photographs prior to the commencement of trial. Defendant's counsel then, in front of the jury, attempted to offer said photographs for admission into evidence after the close of plaintiff's evidence. The plaintiff objected to the admission of said photographs and the presiding judge determined that the photographs were inadmissible. The plaintiff claims that the photographs were materially relevant to the above-titled action and plaintiff was prejudiced by defendant's failure to disclose the existence of said photographs. As a result of the prejudice to plaintiff, a new trial is warranted.
The plaintiff claims to have been prejudiced by defendant's failure to disclose the existence of the materially relevant photographs as well as his affirmative representation that no such photograph existed. The plaintiff claims to have been surprised at the time of trial, in the presence of the jury, regarding the existence of photographs of the scene of the accident. Because of defendant's failure to disclose the existence of said photographs prior to trial, the plaintiff claims he was unable to examine the photographs to assess whether they were favorable or unfavorable to the plaintiff's case.
Section 13-14 of the Practice Book states in relevant part:
 a. If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed CT Page 6732 to respond to requests for production . . . or has failed to otherwise substantially to comply with other discovery order made pursuant to Sections 13-6 through 13-11, the judicial authority may, on motion, make such order as the ends of justice require.
b. Such orders may include the following:
4. The entry of an order prohibiting the party who has failed to comply introducing designated matters in evidence.
As he had a right to do, the plaintiff objected to the admission of the photographs in evidence. If there was any question in counsel's mind as to whether or not he wished the photos in evidence, he could have asked for a reason to discuss them with his client before objection, and if an objection were to be raised, it could have been done outside the presence of the jury. "Ordinarily, action induced by an appellant cannot be ground for error." State v. Boyd, 36 Conn. App. 516, 520; Statev. Walton, 227 Conn. 32. The plaintiff raised a proper objection which was sustained. He cannot be heard to complain of a current ruling in his favor.
Accordingly, both the motions to set aside verdict and motion for a new trial are denied.
BY THE COURT
HONORABLE WALTER M. PICKETT, JR. Judge Trial Referee