[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO SET ASIDE VERDICT AND MOTION FOR A NEW TRIAL
This civil action which was returned to the Lichfield Superior Court on February 24, 1998 is a case wherein the plaintiff is Hugo Marchevsky, alleged injuries arising out of an automobile accident with Torrance Jackson which occurred on August 16, 1995. The case was tried to a jury before the Honorable Walter Pickett, Jr. and the jury returned a general verdict for the plaintiff on May 24, 1999. By way of Motion dated June 3, 1999, the defendant has filed a Motion To Set Aside the Verdict.
 I.
The decision to set aside a verdict is a matter within the broad legal discretion of the trial court. White v. Edmonds,38 Conn. App. 175, 182 (1995); McKee v. Erikson, 37 Conn. App. 146,148 (1995). See also Palomba v. Gray, 208 Conn. 21, 25 (1988). The trial court "must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably CT Page 6740 supports the jury's verdict" Childs v. Bainer, 235 Conn. 107,112-113 (1995). The Supreme Court in Childs, supra, summarized the law governing the granting of the Motion to Set Aside the jury's verdict.
 We accord great deference to a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded . . . this right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which is there is room for a reasonable difference of opinion among fair minded men, passed upon by the jury and not by the court. Childs v. Bainer, 235 Conn. at 112 (internal quotation marks omitted). The trial court should not set aside a plain and palpable . . . as to justify the suspicion that (the jury as) influenced by prejudice, corruption or partiality." A G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 206
(1990).
In the present case, the plaintiff set forth a cause of action in negligence against Allstate Insurance Company, seeking damages for injuries the plaintiff claimed to have sustained as a result of a motor vehicle accident. The plaintiff asserts that the general verdict rule applies precluding review of the plaintiff's claims.
It is the defendant's position that the General Verdict rule precludes any review of the plaintiff's claims. The general verdict rule provides that:
 ". . . if a jury returns a general verdict for one party, and no party requests Interrogatories, an Appellate Court will presume that the jury found every issue in favor of the prevailing party. See Mazuroski v. Hermnovich, 42 Conn. App. 574, 576 (1996) citing Stone v. Bastarache, 188 Conn. 201, 204 (1992); Colucci v. Pinette, 185 Conn. 483, 489 (1991) (internal quotation marks omitted) Curry v. Burns, 225 Conn. 782, 786 (1993).
In Curry, supra, our Supreme Court delineated the parameters of the general verdict rule, concluding that the rule applies in the CT Page 6741 following five situations: `(1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of a complaint and pleading of a special defense; and (5) denial of a special defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded.' Id., 801. In this case, the defendant's denials of the plaintiff's claims and his special defenses fall squarely into the fourth category contemplated by the Curry
court. Therefore, this case presents a factual situation to which absent interrogatories that reveal the basis for the verdict, the application of the rule is appropriate. See Mazuroski v.Hermnovich, 42 Conn. App. 574 at 576, 577.
According to the general verdict rule, the Court must presume that the jury found every issue in favor of the prevailing party. See Mazuroski, supra. Therefore, application of the general verdict rule precludes review of the plaintiff's claims and therefore the Motion to Set Aside Verdict is denied.
The defendant's claims regarding the amount of the verdict are not properly raised in this motion but are addressed in its separate Motion for Remittitur.
BY THE COURT
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE.