[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #112
The plaintiff, DeLuca, Inc. has brought a twenty-three count complaint against the defendant, Modern Packaging, Inc. of Deer Park, New York, alleging breach of contract, non-conformity with contract, breach of implied warranty, breach of express warranty, violations of CUPTA and misrepresentation. The contract in question involved the sale and purchase of food processing equipment and machinery that the plaintiff alleges was defective. The defendant has filed an answer, special defenses and a counterclaim. The plaintiff now moves to strike the first and seventh special defenses. The defendant, in its first special defense, alleges contributory negligence and in the seventh special defense it alleges "that under, conflict of law provisions the law of the State of New York is applicable to the contract transaction at issue not the law of the State of Connecticut."
A motion to strike a special defense is a proper vehicle for the purpose of testing the legal sufficiency of the allegations of a special defense. Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1973); see also Connecticut National Bank v. Voog,233 Conn. 352, 354-55, 659 A.2d 172 (1995).
The question raised by the plaintiff is whether a defense of negligence is a proper defense to a claim brought in contract. Our Supreme Court has said "The [defense of] contributory negligence . . . has no practical application save in cases where the defendant has been guilty of actionable negligence." Nehringv. Connecticut Co., 86 Conn. 115, 109, 34 A.2d 301 (1912).
The defendant argues in the alternative that the claim of misrepresentation also alleged in the complaint is a non-contract claim that would permit a defense of contributory negligence. Our courts have ruled on this issue as it relates to intentional torts. "The defense of contributory negligence is not available where injury is inflicted under conditions open to the charge of willfulness or wantonness." Bordonaro v. Senk, 109 Conn. 428,433, 147 A. 136 (1929); see also Beckwith v. Stratford,129 Conn. 506, 511, 29 A.2d 775 (1942); Mazuroski v. Hernovich,42 Conn. App. 574, 575-77, 680 A.2d 1007 (1996). The Motion to strike the first count is granted.
As to the seventh special defense, the plaintiff's argues that the mere allegation that there is a conflict of laws defense without factual allegations is insufficient and subject to a motion to strike. "A motion to strike is properly granted if the CT Page 14047 complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992); see also Faulknerv. United Technologies Corp., 240 Conn. 576, 533, 693 A.2d 293
(1997). Our rules of practice require that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies . . . ." Practice Book § 10-1. The defendant offers no explanation as to why the law of the State of New York should control this transaction. The plaintiff is entitled to know the basis upon which the defendant makes this assertion. The court therefore will grant the plaintiff's motion to strike the seventh special defense.
The motion to strike the first and seventh special defense is granted.
Pellegrino, J.