[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 102)
The plaintiffs, Theresa McMahon and William McMahon, allege the following facts in their complaint. Count one alleges that on February 26, 1996, Theresa McMahon consulted with the defendant, Michael Quinlivan, DMD, for the purpose of completing dental work that her previous dentist was unable to complete prior to his retirement. McMahon made it clear to the defendant that she could only afford services that would be covered by the dental plan of her husband, William McMahon. Based on the defendant's assurances that the majority of the dental work necessary would be covered, Theresa McMahon hired the defendant to complete the work. CT Page 3701
During the procedure, the defendant removed and replaced the bridge that had recently been installed by Theresa McMahon's former dentist. Upon handing the bridge to McMahon, she asked for an explanation of the work being done because it seemed the defendant was repeating work already completed. Despite repeated requests by McMahon, the defendant failed to adequately explain the procedure.
On or about October 24, 1996, the defendant notified the plaintiffs that the work was complete and a bill was submitted to their dental insurer. The defendant notified the plaintiffs shortly thereafter that they owed the balance of the bill because their insurer only covered $1600 of the total $5600. The plaintiffs asked that the bill be resubmitted. The insurer then notified the plaintiffs of the resubmission and that payment was only authorized for $1600.
The plaintiffs repeatedly requested an itemized bill from the defendant and attempted to negotiate the balance owed, but the defendant refused to itemize or negotiate the bill. The plaintiffs allege that the defendant performed dental work for which he had no consent. The plaintiffs never authorized work other than that which was necessary to complete what Theresa McMahon's previous dentist had started and which was covered by William McMahon's dental insurer.
Count two incorporates all of the allegations of count one and further alleges that despite prior assurances, the defendant performed work that he knew or should have known to be outside the plaintiffs' insurance coverage and still demanded full payment. The defendant continually ignored requests for an itemized bill. Then, while negotiations took place between the plaintiffs and the defendant's collection agency, the defendant warned the plaintiffs that notifying the credit bureau of their nonpayment would hurt their good credit. Subsequently, the defendant intentionally damaged the plaintiffs' good credit report by notifying the credit bureau which resulted in the plaintiffs' inability to secure a home mortgage refinancing loan. The plaintiffs further allege that these actions constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes sec; 42-110 et seq.
The defendant filed a motion to strike both counts supported by a memorandum of law as required by Practice Book sec; 10-42. The plaintiff filed a timely memorandum in opposition. CT Page 3702
"Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book sec; 10-39; see Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurances Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "A motion to strike admits all facts well pleaded." (Internal quotation marks omitted.) Parsons v. United Technologies Corp. ,243 Conn. 66, 68, 700 A.2d 655 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). The motion to strike, however, "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant moves to strike count one on the ground that it fails to articulate a theory upon which a claim may be predicated. The plaintiffs concede to the lack of clarity and properly argue that the more appropriate remedy is a request to revise pursuant to Practice Book sec; 10-35. See Lacasse v. ColdwellBanker, Superior Court, judicial district of Litchfield, Docket No. 073462 (Feb. 23, 1998, Pickett, J.) (request to revise suggested by the court as the proper remedy where the plaintiff's first count did not explicitly state the basis of the cause of action). "Whenever any party desires to obtain . . . a more complete or particular statement of the allegations of an adverse party's pleading, . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading." Practice Book sec; 10-35. The test is whether count one discloses the material facts which constitute the cause of action. See Kileen v. General Motors Corp. , 36 Conn. Sup. 347, CT Page 3703 348, 421 A.2d 874 (1980). Where the complaint fails to fully disclose the ground of the claim, a motion for a more particular statement is entirely proper. See Cervino v. Coratti,131 Conn. 518, 520, 41 A.2d 95 (1945). In the absence of such a motion, and "in the interest of fairness, clarity, and judicial economy, the court may treat] this motion to strike as a request to revise."Dujack v. Brown Williamson Corp. , Superior Court, judicial district of Windham at Putnam, Docket No. 060703 (October 1, 1997, Sferrazza, J.); see Girard v. Weiss, 43 Conn. App. 397,417, 682 A.2d 1078 (1996). Otherwise, the court must examine the complaint in a light most favorable to the non-pleading party, the plaintiff, and determine whether the plaintiff stated a legally sufficient cause of action. See Dodd v. Middlesex MutualAssurances Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
The plaintiffs claim that the defendant performed dental work without Theresa McMahon's consent. Connecticut law makes a distinction between failure to obtain any consent and lack of informed consent.[3] See Caron v. Adams, 33 Conn. App. 673,688, 638 A.2d 1073 (1994); Shenefield v. Greenwich HospitalAssn., 10 Conn. App. 239, 248, 522 A.2d 829 (1987). First, when a medical professional fails to obtain any consent, the procedure alone is itself a trespass and has the legal result of an assault. See Schmeltz v. Tracy, 119 Conn. 492, 495-96,177 A.2d 520 (1935); see also Logan v. Greenwich Hospital Assn.,191 Conn. 282, 288-89, 465 A.2d 294 (1983) (a surgeon who performs an operation without consent commits assault). Battery is also a basis for recovery against a physician "where he fails to obtain any consent to the particular treatment or performs a different procedure from the one for which consent has been given, or where he realizes that the patient does not understand what the operation entails." (Emphasis in original; internal quotation marks omitted.) Lambert v. Stovell, 205 Conn. 1, 4, 529 A.2d 710
(1987).
Here, the plaintiffs allege that the defendant failed to obtain consent for work beyond what was specifically agreed to in the consultation, including the removal and replacement of the new bridge and work not covered by William McMahon's dental insurer. The plaintiffs further allege that this work was never mentioned in the consultation where the plaintiff consented only to work-that would complete the previous doctor's work and that which was covered by her insurance. These allegations are sufficient to support a cause of action for assault and battery. See Lambert v. Stovell, 205 Conn. 1, 4, 529 A.2d 710 (1987); CT Page 3704Caron v. Adams, supra, 22 Conn. App. 688. Accordingly, the defendant's motion to strike count one of the plaintiff's complaint is denied.
The defendant moves to strike count two based on legal insufficiency in that the complaint fails to allege facts sufficient to support a CUTPA claim. The plaintiffs claim in their opposition to the motion to strike that the defendant failed to explain what work and services he was performing and further that he provided work and services that had already been done by McMahon's previous dentist. The plaintiffs further claim that despite the defendant's prior assurances that the majority of the work would be covered by the plaintiffs' dental insurer, the defendant performed work that he knew or should have known to be outside their coverage. The plaintiffs also allege that the defendant ignored requests for an itemized bill and reported the plaintiffs' failure to ray to a collection agency and the credit bureau, tarnishing their good credit. The plaintiffs claim that these acts were immoral, oppressive and unscrupulous, amounting to a CUTPA violation.
The relevant section of CUTPA states "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes sec; 42-110b; see Willow Springs Condominium Assn., Inc. v.Seventh BRT Dev. Corp. , 245 Conn. 1, 42, ___ A.2d ___, (1998). For the purposes of scrutinizing the practices of health care providers under CUTPA, it is first essential to determine whether the practices fall within the scope of the act. Connecticut recognizes "that the provision of medical services falls within CUTPA's definition of trade or commerce as a distribution of any services. . . ." (Citations omitted; internal quotation marks omitted.) Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 32,699 A.2d 964 (1997). Although health care providers are subject to this act, professional negligence, such as medical malpractice, does not fall under CUTPA. See Haynes v. Yale-NewHaven Hospital, supra, 243 Conn. 34; Rubin v. Baez,52 Conn. App. 487, 489, ___ A.2d ___ (1999)." [O]nly the entrepreneurial or commercial aspects of the profession are covered. . . ." Haynesv. Yale-New Haven Hospital, supra. Therefore, the plaintiffs' allegations that the defendant failed to explain, inform or provide services do not fall under CUTPA because they are based solely on his competence and ability to practice dentistry. See id. CT Page 3705
With regard to the remaining allegations, "the touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services aside from medical competence is implicated."[4] Id., 38. Therefore, CUTPA claims arise "only when the actions at issue are chiefly concerned with entrepreneurial aspects of practice, such as the solicitation of business and billing practices. . . ." (Internal quotation marks omitted.) Farino v. Chiarelli, Superior Court, judicial district of New Haven at Meriden, Docket No. 262708 (March 16, 1999,Beach, J.), quoting Haynes v. Yale-New Haven Hospital, supra,243 Conn. 35-36. The court concludes that the defendant's billing and collection practices may be construed as part of the entrepreneurial or commercial aspects of the defendant's business and within the scope of CUTPA.
The plaintiffs allege that despite repeated requests, the defendant failed to provide her with an itemized bill. In Farinov. Chiarelli, supra, Superior Court, Docket No. 262708, the plaintiff alleged a CUTPA violation based on similar facts, including the defendant's failure to provided a receipt or an accounting of sums received during legal representation. Id. In that case, Judge Beach denied the motion to strike finding the facts were not necessarily related to the defendant's professional competence or strategy and because, based upon the pleadings, it could not be determined that "no facts [had] been stated on which relief can be granted." Id.
Additionally, in Zabensky v. Lawrence Memorial Hospital, Superior Court, judicial district of New London at New London, Docket No. 545872 (August 5, 1999, Martin, J.), as in the present case, the plaintiff alleged that the defendant physician "administered medical treatment in contravention to an agreement between the parties, and subsequent billing to treatment that was nonconsented, in a wilful and wanton manner, constitutes unfair and deceptive practices under CUTPA." Id. In Zabensky, the court denied the defendants' motion to strike finding the defendant's conduct of dishonoring an agreement and billing practices for unwanted procedures sufficiently concerned the entrepreneurial or commercial aspects if the defendants' medical practice. See id.
The defendant argues that the CUTPA claim should be stricken because his conduct was not immoral, oppressive and unscrupulous. The defendant relies on Chasen v. Blue Cross Blue Shield, Superior Court, judicial district of Ansonia/Milford at Milford, CT Page 3706 Docket No. 38065 (February 21, 1995, Thompson, J.), where Blue Cross used the criminal justice system for the collection of money paid out for fraudulent services. See id. In Chasen, the court stated that "while a credible argument may be made, that if an entity such as Blue Cross utilized the Criminal Justice System for the primary purpose of collecting what it claims is money owed by a participating health care provider . . . such conduct would be an unfair trade practice. . . ." Id. But the court held that Blue Cross had not committed an abuse of process or an unfair trade practice by instituting a criminal proceeding to collect money that Blue Cross felt it had paid out for procedures which were not covered. See id.
The defendant's reliance on Chasen is misplaced. In Chasen, the court was determining what medical practices constituted an unfair trade practice, an issue of law. Here, the court is ruling on a pre-trial motion to strike, an issue of legal sufficiency of the complaint. At this stage of the pleadings, the court needs only to find the allegations are legally sufficient in that they concern those areas of medical practice which fall under CUTPA scrutiny. See Zabensky v. Lawrence Memorial Hospital, supra, Superior Court, Docket No. 545872; Farino v. Chiarelli, supra, Superior Court, Docket No. 262708. Consequently, if the court finds that the allegations concern entrepreneurial or commercial aspects of the defendant's business, the motion to strike must be denied.
The plaintiffs allege that the defendant performed medical procedures outside of those agreed upon, refused to produce an itemized bill, and employed unscrupulous billing practices thereafter to obtain payment for unwanted procedures. Accordingly, the plaintiffs' allegations sufficiently concern entrepreneurial or commercial aspects of the defendant's medical practice and properly fall within CUTPA scrutiny.
For all of the above stated reasons, the motion to strike count two of the plaintiff's complaint is denied.
SKOLNICK, J.
[3] Dentists have the same duty as physicians to obtain informed consent from patients. 4 Restatement (Second), Torts § 892B, comment i; see Fabrizio v. Glaser, 38 Conn. App. 458,661 A.2d 126 (1995), aff'd., 237 Conn. 25, 675 A.2d 844 (1996) (malpractice action against dentist for failure to obtain CT Page 3707 informed consent): Goral v. Kenney, 26 Conn. App. 231, 237,600 A.2d 1031 (1991) (negligence claim for lack of informed consent against dentist).
[4] "Other jurisdictions have reached a similar result with respect to the medical profession." Haynes v. Yale New-HavenHospital, supra, 243 Conn. 35-36; e.g., Quimby v. Fine, 45 Wash. App. 175,724 P.2d 403 (1986). Although the entrepreneurial or commercial aspects of medicine are covered, violations predicated on negligence or malpractice are not covered because they address only competence. Id., 180. Nelson v. Ho, 222 Mich. App. 210,564 N.W.2d 482 (1997). "It would be improper to view the practice of medicine as interchangeable with other commercial endeavors. Allegations that concern misconduct in the actual performance of medical services or the actual practice of medicine would be improper." Id., 486. See also Gadson v. Newman, 807 F. Sup. 1412
(C.D. Ill. 1992). In that case, the court applied Illinois law and held that in order to bring a claim against a health care provider under the consumer fraud act, the crucial distinction must be made between the business aspects of medicine and the actual practice of medicine. Id., 1416.